Tormod **HELLAND**, Plaintiff,

v.

**Arthur S. FLEMMING**, Secretary of the Department of Health, Education and Welfare, Social Security Administration, Defendant.

Civ. No. 60–265.

United States District Court
D. Oregon.

March 9, 1961.

Donald Atchison, Pozzi & Wilson, Portland, Or., for plaintiff.

Edward J. Georgeff, Asst. U. S. Atty., Portland, Or., for defendant.

EAST, District Judge.

This is an action under Section 205(g) of the Social Security Act (Act), 42 U.S. C.A. § 405(g), to review a "final decision" of the Secretary of Health, Education, and Welfare.

On September 23, 1958, plaintiff filed with the Bureau of Old-Age and Survivors Insurance, Social Security Administration, Department of Health, Education, and Welfare, an application to establish a period of disability and for disability insurance benefits. The disability was alleged to have commenced on September 23, 1958.

On the same date, plaintiff filed a supplemental application in which disability was alleged to have commenced in December, 1957. The Bureau denied the plaintiff's applications, whereupon he requested a hearing before a hearing examiner from the Office of Hearings and Appeals. The requested hearing was held in Portland, Oregon, on September 10, 1959, and a supplemental hearing was conducted on October 12, 1959. The Examiner rendered a written decision, dated January 18, 1960, in which it was held that plaintiff was not entitled to establish a period of disability under § 216(i) of the Act, 42 U.S.C.A. § 416(i), or to disability insurance benefits under § 223(a) of the Act, 42 U.S.C.A. § 423 (a). Plaintiff's request for review of the Examiner's decision was denied by the Appeals Council on May 24, 1960. The Examiner's decision thereby became the "final decision" of the Secretary, review of which is sought by this action.

Defendant has moved the Court to enter summary judgment for the defendant, in accordance with the provisions of Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

In a case of this nature, it is not within the purview of the Court to make factual determinations. The function of judicial review in this case is to determine whether or not there is substantial evidence in the record to support the Examiner's findings of fact, and whether or not his decision reflects a proper application of the law thereto.

To be eligible for the establishment of a period of disability (a so-called "disability freeze") or for disability benefits, plaintiff must, at the time of his applications of September 23, 1958, have been under a continuous disability for at least six calendar months and still continuing indefinitely at the time of the filing of his applications. Act, §§ 216(i) and 223, 42 U.S.C.A. §§ 416(i) and 423. The term "disability" is defined to mean the

" * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

can be expected to result in death or to be of long-continued and indefinite duration." Act, § 223(c) (2), 42 U.S.C.A. § 423(c) (2).

It was, therefore, incumbent upon the plaintiff to show that he was suffering from an impairment or a combination of impairments of sufficient severity to render him incapable of engaging in substantial gainful activity.

Plaintiff alleged in his applications that he became unable to work on December 27, 1957, at age 61, because of a head injury sustained in a fall on that date. The symptoms complained of were dizziness and impaired vision and hearing. Evidence of record indicates that, in the aforementioned accident, plaintiff sustained severe concussion, contusions of the head, and neck strain. During the period between the date of the accident and July, 1959, plaintiff was examined and/or treated by five different medical doctors, including specialists in orthopedics, neurosurgery, internal medicine, and diseases of the ear, nose, and throat. There are many medical reports in the record, and it is readily apparent that the medical facts were very fully developed before the Examiner.

■ In the regulation of the Social Security Administration which explains the disability provisions of the Act (20 C.F.R. § 404.1501), it is stated that:

"(b) In determining whether an individual's impairment makes him unable to engage in such activity [i. e., any substantial gainful activity], primary consideration is given to the severity of his impairment. Consideration is also given to such other factors as the individual's education, training and work experience."

Dr. Cherry, the specialist in orthopedics, stated that it was his opinion that plaintiff was permanently and totally disabled. However, a doctor's opinion that the claimant is disabled is not binding upon the defendant. Jacobson v. Flemming, D. C.S.D.N.Y.1960, 186 F.Supp. 936. The Secretary is entitled to, and, in fact, required, to make an independent determination of the administrative question of "disability." Also, the term "disability" encompasses many nonmedical factors, such as the education, training, skills, work experience, and residual capacities of the wage earner. Insofar as the physical or mental impairment is concerned, it must be "medically determinable." Plaintiff complains of dizziness, blackouts, and pain, but the Examiner found no objective medical findings by any of the doctors who examined or treated plaintiff to establish that these impairments are of such severity as to preclude his engaging in any substantial gainful activity in an occupation which is less strenuous than his previous work as a longshoreman. Dr. Carter, a neurologist, examined plaintiff in July, 1959, and found no objective evidence of the cause of plaintiff's subjective complaints. A mental status examination did reveal some "impairment of mentation" which, in Dr. Carter's opinion, would make it difficult for plaintiff to assume vocational responsibility which required active thinking. On that basis, Dr. Carter concluded that plaintiff was not capable of returning to his previous type of work. However, the doctor's opinion does not purport to assert that plaintiff is unable to engage in any substantial gainful activity. The Examiner's conclusion, based upon all of the evidence before him, was as follows:

"While it is reasonable to believe that as of September 23, 1958 the claimant had become unable to engage in any work requiring strenuous exertion or quick changes of position, the evidence does not establish that he has been continuously prevented from engaging in all types of competitive work which would have proved substantial and gainful to him, particularly light or sedentary work of an unskilled or semiskilled nature and not requiring accurate thinking."

■ Clearly, there is substantial evidence supporting this finding, and there is no error in the Examiner's application of the law thereto. The motion for sum-

mary judgment in favor of defendant must be granted.

Counsel for defendant is requested to submit appropriate order, with a preceding order substituting the Honorable Abraham A. Ribicoff as Secretary of the Department of Health, Education and Welfare, Social Security Administration, Defendant.