Catherine JANEWAY, Plaintiff,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.

No. CV 87–7043 SVW (RWR).

United States District Court, C.D. California.

Nov. 1, 1988.

Joel D. Leidner, Los Angeles, Cal., for plaintiff.

John E. Nordin, II, Asst. U.S. Atty., Office of the U.S. Atty., Los Angeles, Cal., for defendant.

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE

WILSON, District Judge.

Pursuant to 28 U.S.C. Section 636(b)(1)(B), the Court has reviewed the pleadings, and other papers herein and the attached Reports and Recommendations of the Magistrate. The Court has also made a *de novo* determination of the objections filed by defendant.

IT IS ORDERED that a Judgment be entered (1) approving and adopting these Reports and Recommendations, (2) adopting the same as the findings of fact and conclusions of law herein, (3) denying the Defendant's motion for summary judgment and granting Plaintiff's motion, and (4) directing that a judgment be entered in favor of the Plaintiff.

IT IS FURTHER ORDERED that the Clerk shall serve forthwith a copy of this Order, the Magistrate's Reports and Recommendations and the Judgment by United States mail on the Plaintiff and on the United States Attorney for the Central District of California.

## FINAL REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE ON A SOCIAL SECURITY COMPLAINT

ROLAND W. ROSE, United States Magistrate.

This Final Report and Recommendation and the attached Report and Recommendation are submitted pursuant to the provisions of 28 U.S.C. Section 636(b)(1)(B) and General Order 194 of the United States District Court for the Central District of California.

On June 9, 1988, the Clerk filed Notice of Filing of Magistrate's Report and Recommendation and the Lodging of Proposed Judgment, which was served on the parties together with copies of said Report and Recommendation.

Defendant has filed timely Objections to the Report and Recommendation which the Magistrate has carefully considered. The Magistrate has also received and considered plaintiff's response to defendant's objections. For the reasons set forth herein, the Magistrate is not persuaded to modify his Report and Recommendation in any respect.

As a threshold matter, despite assertions to the contrary, it is the defendant who has misapplied the law to the facts in this case. Defendant's objections completely miss the thrust of the Report and Recommendation.

Even more annoying is the fact that the position defendant has taken in his objections is completely incongruous to the one he presented at oral argument. After the Court stated each reason upon which it based its tentative recommendation to reverse this case, counsel for the Secretary was provided an unlimited opportunity to convince the Court otherwise or at least to lay a foundation for subsequent written objections. Not surprisingly however, the government appeared to be in complete agreement with the Court's findings and satisfied with its application of the law. In fact, the Secretary, given an opportunity to argue, submitted on the briefs. Tentative recommendations and oral argument permit timely objections to be raised and are intended to foster an open and robust discussion of the issues and law between the parties *and* the Court. The overall effect of the Secretary's present objections, even assuming they had any merit whatsoever, undermines the purpose of oral argument and implies such hearings are a waste of time. This is apparent by even a cursory review of defendant's objections, the thrust and tone of which strongly implies this Court has never reviewed similar matters. Such however, is not the case.

■ Most of defendant's objections constitute circuitous arguments with himself and the record, not with the Court. For example, he contends it was erroneous for the Court to conclude plaintiff could not lift more than five pounds based upon the testimony of Dr. Sprau, one of the Secretary's own medical advisors. Defendant claims Dr. Sprau 'entirely indicated' that plaintiff could perform sedentary work. Nonetheless, on the record, Dr. Sprau specifically stated, and the Secretary acknowledged, that the five pound restriction was appropriate (Obj. p. 1–2). This consultant's opinion leaves very little room for the subjective interpretation requested by the Secretary. To find an individual capable of performing sedentary work, the Secretary's own regulation requires the capacity to lift ten pounds occasionally, not just five. 20 CFR Section 404.1567(a). Thus, plaintiff could not meet the exertional requirements for a full-range of sedentary work. If there exists any work within or without the national economy that requires *less* than a full-range of sedentary exertion, the Court is unaware of it; defendant fails to point to any; and, his own vocational expert failed to mention it. This is particularly relevant since the Secretary expressly determined plaintiff could not return to her past relevant work. In those situations the burden then shifts to the Secretary to find other work available. *Hall v. Secretary*, 602 F.2d 1372 (9th Cir.1979). The Secretary has failed to meet his burden of proof by the substantial evidence test.

■ Moreover, the hypothetical posed to the vocational expert by the ALJ contained inappropriate conclusions and was blatently deficient. Even assuming, *arguendo*, a sub-category of sedentary work exists which, by definition, only requires lifting up to five pounds, a hypothetical that is not based upon substantial evidence or which contains an error of law, produces a conclusion that, likewise, cannot be based upon substantial evidence and is legally deficient. Defendant incorrectly claims that "[o]f course, an ALJ is *not* obliged to include all alleged impairments or limitations in hypothetical questions to vocational experts", (Obj. p. 6, emphasis supp.). He further claims *Martinez v. Heckler*, 807 F.2d 771 (9th Cir.1987), stands for that proposition, when in fact it does not. A careful reading of *Martinez* notes a distinction between proffering a hypothetical question containing incredible, self-serving, subjective limitations as opposed to factual, objectively noted medical *impairments* and testimony. *Martinez* involved a hypothetical question which mixed the claimant's subjectively expressed limitations properly weighed and interpreted by the ALJ, versus objectively documented medical impairments. For years, this Circuit has required that a hypothetical question posed to a VE must set forth all of a claimant's impairments, *Gallant v. Secretary*, 753 F.2d 1450, 1452 (9th Cir.1984). Otherwise, the VE's testimony cannot be based on substantial evidence. *Varney v. Secretary*, 846 F.2d 581 (9th Cir.1988). Even *Martinez, supra*, requires that the factual determinations made by the ALJ and used in a hypothetical be supported by substantial evidence, 807 F.2d at 774. As the Court stated in its initial recommendation, the ALJ's hypothetical failed to note most, if not all, of plaintiff's impairments and limitations. It omitted any references to medications and their side-effects; most of her exertional and non-exertional limitations; potential excessive absenteeism; and, plaintiff's age. It is absolutely clear that the ALJ's unsupported and deficient conclusions spawned the VE's "particularly" defective testimony and contributed to the defective and reversible conclusion drawn by the ALJ and affirmed by the Appeals Council.

Further, defendant has not addressed the issue of how plaintiff could leave the purified air of her home to travel through a polluted environment to arrive at a pollutant-free work place.

Although the defendant believes it would be proper to draw an inference from Dr. Sprau's testimony, as noted above, he later contends that the Court overstepped its authority by drawing inferences from the opinions of another medical advisor, Dr. Wiseman. Although defendant's argument flounders for a number of reasons, in this

respect, the crux of his complaint is that the Court afforded Dr. Wiseman's testimony too much weight. (Obj. p. 4). As noted in the earlier report, the Court's assessment of this medical advisor's opinion was not based upon an inference but on substantial evidence contained in the record. Defendant then turns 180 degrees and claims that the record does not contain a transcript of Dr. Wiseman's testimony and then accuses the Court of manufacturing it. (Obj. p. 5). Assuming defendant is referring to the instant case and the same medical advisor [Tr. 245–255], the record provided to the Court sets forth all of Dr. Wiseman's testimony [ (supplemental certified) Tr. 289–297].

■ Furthermore, defendant's objections fail to reconcile the detailed explanations and reasoning of Dr. Wiseman's opinions against the rather conclusory one offered by Dr. Sprau, despite her board certification. Nor do defendant's objections approach a discussion of the ALJ's failure to reconcile the conflicts, if any, between the two opinions. This includes defendant's failure to discuss reports and opinions of plaintiff's treating physicians that coincide with Dr. Wiseman's opinion. Opinions and reports of treating physicians should be afforded substantial weight or the ALJ must make specific findings for disregarding them. *Murray v. Heckler*, 722 F.2d 499 (9th Cir.1983). In this case, such reports were afforded virtually no weight and were disregarded without any explanation. The Secretary has failed to offer any reason for doing so.

■ Instead, for the first time, defendant asks the Court to remand the case although he once again concedes that the underlying decision of the ALJ has "shortcomings" (Obj. p. 6). Remand, according to the Secretary, would permit him to obtain additional vocational and medical testimony, and to resolve any conflicts in the present record (Obj. p. 7). *Kail v. Schweiker*, 722 F.2d 1496, 1497 (9th Cir. 1984). It is true that remand is appropriate when additional administrative proceedings could cure procedural defects contained in the *record*. Where no such defects oc-

curred however, a remand is inappropriate. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981). The Secretary's determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence, 42 U.S.C. Section 405(g), *and* the Secretary has applied the proper legal standard. *Hall v. Secretary of Health Education & Welfare*, 602 F.2d 1372, 1375 (9th Cir.1979). "The decision *will* be set aside, however, if the proper legal standards were not applied in weighing the evidence and making the decision even though the findings are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572, (emphasis supplied) citing *Benitez v. Heckler*, 573 F.2d 653, 655 (9th Cir.1985).

■ Defendant's assertion that the case should be remanded to obtain more of the same kind of testimony already set forth in the record, is completely without merit and as noted previously, would serve no useful purpose. The legal short-comings in this case lie not within the factual development of the record, but result from numerous errors and omissions in the ALJ's decision. Since the record contains sufficient facts and supporting testimony to support a finding of disability and the Secretary misapplied or failed to apply the appropriate legal standards to the available record, reversal is appropriate. Contrary to defendant's tardy, albeit impassioned, plea for remand, reversal of such decisions falls well within the Court's discretion. 42 U.S.C. Section 405(g); *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir.1985). Defendant's objections are not well taken.

IT IS THEREFORE THE FINAL RECOMMENDATION OF THE MAGISTRATE that an Order be entered (1) approving and adopting these Reports and Recommendations, and (2) adopting the same as the findings of fact and conclusions of law herein, (3) denying the defendant's motion for summary judgment and/or remand and granting plaintiff's motion for summary judgment, and (4) directing that Judgment be entered in favor of the plaintiff.

Dated: July 6, 1988

## APPENDIX

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE ON A SOCIAL SECURITY COMPLAINT

This Report and Recommendation is submitted pursuant to the provisions of 28 U.S.C. Section 636(b)(1)(B) and General Order 194 of the United States District Court for the Central District of California.

### PROCEEDINGS

Plaintiff's complaint seeks a review of the final decision of the Secretary of Health and Human Services (Secretary) denying her application for disability benefits under Title II of the Social Security Act, as amended.

The parties have filed cross-motions for summary judgment pursuant to F.R.Civ.P. 56. Alternatively, plaintiff seeks a remand for further proceedings before the Secretary.

Plaintiff filed her application for benefits on August 15, 1985, alleging impairments beginning in March, 1981 due to asthma, hypertension and a history of congestive heart failure (Certified Transcript [Tr.] p. 96). Her application was denied initially and upon reconsideration. A timely hearing before an Administrative Law Judge (ALJ) was requested and held in Los Angeles on April 1, 1986. Plaintiff was represented at that hearing by her present counsel. The ALJ denied plaintiff's application on June 1, 1986, [Tr. 33–38] and a timely request for review by the Appeals Council was made. On November 14, 1986 the Appeals Council remanded the case to the Office of Hearings and Appeals, noting *inter alia*, that the ALJ's decision was not supported by substantial evidence, and recommending that additional medical and vocational testimony was warranted. Consequently, the decision of the first ALJ was vacated and the case set for a new hearing which was held in Los Angeles on February 10, 1987. A new decision was issued on May 22, 1987 [Tr. 10–16], which once more denied plaintiff's application. A timely appeal was made to the Appeals Council, but this time it concluded there was no basis for review [Tr. 4–5]. Thus, the second ALJ's decision became the final decision of the Secretary which is now reviewed pursuant to 42 U.S.C. Section 405(g).

After completing a thorough review of the evidence, the pleadings, the views expressed at oral argument held on June 7, 1988, and based upon the applicable law, the Magistrate concludes that the Secretary's decision was not supported by substantial evidence and should therefore be reversed.

### APPLICABLE LAW

Under the Act, the jurisdiction of the Court is limited. This Court must affirm the final decision of the Secretary if it is supported by substantial evidence in the record as a whole, and if the decision is not based on an error of law. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir.1984); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir.1982).

It is clear that the burden of proof is on the plaintiff to establish entitlement to benefits under the Act. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir.1965); *Seitz v. Secretary*, 317 F.2d 743, 744 (9th Cir.1963). It is incumbent on the plaintiff to show that he is disabled within the meaning of the Act. The statutory definition of "disability" is much narrower than the word itself, standing alone, might indicate. It requires that the claimant be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. Sections 423(d)(1) and 1382c(a)(3)(A) (SSI).

The Act requires that plaintiff's disability be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. Section 423(d)(3) and 1382c(a)(3)(C) (SSI). The Act further provides that an individual shall not be considered to be under a disability unless he or she furnishes such medical and other evidence of the existence thereof as the Secre-

tary may require. 42 U.S.C. Section 423(d)(5).

As further provided in 20 C.F.R. Section 404.1527,

> We [the Social Security Administration] are responsible for determining whether you are disabled. Therefore, a statement by a physician that you are "disabled" or "unable to work" does not mean that we determine that you are disabled. We have to review the medical findings and other evidence that support a physician's statement that you are disabled.

A statement by a physician that a claimant is disabled or unable to work is a conclusion on the ultimate issue to be decided by the Secretary and is not binding on the Secretary in reaching his determination as to whether the plaintiff is disabled within the meaning of the Social Security Act. 20 C.F.R. Sec. 416.927; *cf. Gotshaw v. Ribicoff*, 307 F.2d 840, 844 (4th Cir.1962) *cert. denied sub. nom. Heath v. Celebreeze*, 372 U.S. 945, 83 S.Ct. 938, 9 L.Ed.2d 970 (1963); *Helland v. Flemming*, 193 F.Supp. 290, 292 (D.Ore.1961).

The issue before the Court is whether the final decision of the Secretary is supported by substantial evidence. Substantial evidence "means such relevant evidence as a reasonable mind might accept to support a conclusion." *Consolidated Edison Co. v. National Labor Relations Board*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938), quoted in *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). "It is more than a scintilla, but less than a preponderance." *Razey v. Heckler*, 785 F.2d 1426, 1430 (9th Cir.1986) (quoting *Richardson, supra*, 402 U.S. at 401, 91 S.Ct. at 1427). In applying the substantial evidence test, the Court is obliged to look at the record as a whole, *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir.1975), and not merely at the evidence tending to support a finding. *Universal Camera Corp. v. National Labor Relations Board*, 340 U.S. 474, 487–88, 71 S.Ct. 456, 463–65, 95 L.Ed. 456 (1951). [I]n determining whether there is substantial evidence to support the examiner's finding a reviewing court must consider both evidence that supports and detracts from, the examiner's conclusion. We cannot affirm the examiner's conclusion simply by isolating a specific quantum of supporting evidence. *Day, supra*, at 1156.

If there is substantial evidence in the record to support the Secretary's finding, even though the evidence is in conflict, the Secretary's finding is conclusive. *Torske v. Richardson*, 484 F.2d 59, 60 (9th Cir. 1973), *cert. denied sub. nom. Torske v. Weinberger*, 417 U.S. 933, 94 S.Ct. 2646, 41 L.Ed.2d 237 (1974).

As stated above, the opinion of a doctor that plaintiff "is disabled" or "unable to work" is not conclusive of the ultimate fact of disability. 20 C.F.R. Section 404.1527; *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir.1971), and the weight to be given to conclusory physician's statements depends upon the extent to which they are supported by specific and complete clinical findings and are consistent with other evidence as to the severity and probable duration of the individual's impairments. 20 C.F.R. Sections 404.1527 and 416.927; *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981). When medical opinion evidence is inconclusive or conflicting, the resolution of any conflict is solely a function of the Secretary. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984).

## DISCUSSION AND ANALYSIS

At the time of the last administrative hearing, plaintiff was fifty-nine years old. For purposes of disability entitlement, she is therefore considered as an individual of "advanced age". 20 C.F.R. Section 404.-1563(d). In Ireland, plaintiff had attained the equivalent of a high school education. Her past relevant work was in the clerical field.

In terms of plaintiff's exertional capacity, there is virtually no support, in either law or fact, for the Secretary's conclusion that plaintiff could meet the physical demands of a *limited* range of sedentary work activity [Tr. 15]. Plaintiff testified that she could not lift more than five

pounds without experiencing respiratory difficulty. The Secretary's own medical advisor, Dr. Sprau, indicated plaintiff could not do this on a regular basis [Tr. 56]. By definition, sedentary work requires an individual to lift *ten* pounds occasionally, not just five. 20 C.F.R. Section 404.1567(a). The ability to occasionally lift five pounds is not sufficient to meet the statutory requirements for sedentary work. 20 C.F.R. Section 404.1567(c). Therefore plaintiff simply cannot fulfill the exertional requirements for performing sedentary work.

The ALJ's conclusion that plaintiff could perform *limited* sedentary work [Tr. 15], is an attempt to stretch plaintiff's limitations into meeting the guidelines by carving out a sub-category of work activity from the regulations where none exists. Under the regulatory scheme, there is no such thing as being able to perform any type of "limited" sedentary work. This is particularly true when reviewing a case under the "sedentary" category of work activity because when a claimant cannot perform even sedentary work, a finding of disability is mandated. Until Congress amends the statutes or the Secretary revises the regulations, any assertion that plaintiff can engage in this type of work is legally erroneous.

Alternatively, the Court suspects that if the ALJ had correctly applied the law and properly concluded that plaintiff was incapable of sedentary work, he would have been obliged to find her disabled by applying the Medical/Vocational Guidelines or "Grids" set forth at Rule 201.01 through 201.08 of Appendix 2 to 20 C.F.R. Section 404.1501, *et seq.* Employing the Grids as a decisional framework, a finding of disabled would be mandated based upon plaintiff's advanced age (20 C.F.R. Section 404.-1563(d)), her limited education, (20 C.F.R. Section 404.1564(b)(3)), prior work experience, and the overall effects of her medically documented impairments. None of these factors was apparently considered by the ALJ. See *Paulson v. Bowen,* 836 F.2d 1249 (9th Cir.1988).

*Combined Effects of Impairments:*

Although plaintiff does not raise this argument, it is obvious that neither the ALJ's nor the Appeals Council considered the effects of plaintiff's asthma in combination with her alleged cardiovascular impairment and her limited exertional capacity.

Section 4(a)(1) of the Social Security Reform Act, 42 U.S.C. Sec. 423(d)(1) requires the Secretary to:

"consider the combined effects of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." And, "[S]everal impairments ... may in many cases interact and effectively eliminate the person's ability to work. While it is clear that the determination of disability *must be based on the existence of a medically determinable impairment,* there are plainly many cases where the total effect of a number of different conditions can safely be characterized as disabling, even if each by itself would not be." H.R.Rep. No. 98–618, 98th Cong., 2d Sess. 15, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3051–52.

See *Beecher v. Heckler,* 756 F.2d 693 (9th Cir.1985).

The ALJ did not perform an adequate summary of the medical evidence; nor did he correctly analyze the few facts contained in his decision. He failed to adequately and separately review plaintiff's allegations of episodic congestive heart failure, her symptoms of paroxysmal nocturnal dyspnea, ankle edema, elevated S–T segments on her electrocardiograms, and her well documented asthma, he could not have considered the combined effects of *all* of plaintiff's functional limitations (exertional and non-exertional) on her ability to perform substantial gainful work.

In view of evidence which the ALJ in fact recognized, he nonetheless concluded that plaintiff's impairments, taken singly or in combination were not medically equivalent to those set forth in the Listings and did not preclude her from engaging in her past sedentary work as a "clerk" [Tr. 15]. This aspect of his decision is troublesome for a number of reasons. As the Court has previously noted, in some respects the ALJ's decision is either contradictory to the evi-

dence or draws inferences which should not have been drawn. Thus, for that reason alone, it could not have been based upon substantial evidence.

Further, the ALJ failed to reconcile plaintiff's objective and subjectively documented physical restrictions and the combination of disorders with his conclusion that plaintiff could engage in her previous form of sedentary work. An ALJ may disregard a claimant's self-serving statements when they are unsupported by medical evidence, *Green v. Heckler*, 803 F.2d 528, 532 (9th Cir.1986). Where objective findings exist, however, as they did in this case, it constitutes reversible error when an ALJ fails to consider self-serving statements and afford them proper weight. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir.1984). In this case, the ALJ simply glossed over, or altogether ignored, plaintiffs testimony and factors effecting her residual functional capacity. For example, he failed to consider, in any way, plaintiff's hand tremors and the other potential side-effects of her medications, *Winans v. Bowen*, 820 F.2d 1519 (9th Cir.1987). Further, there is no indication that either the ALJ's or the Appeals Council bothered to consider the combined effects of plaintiff's alleged cardiovascular disorder, *i.e.*, congestive heart failure with her respiratory difficulties. See *Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir.1986); See also The Social Security Disability Reform Act, Pub.L. 98 460, 98 Stat. 1794 (1984). As long as an alleged and objectively documented impairment can be reasonably expected to produce a certain number of symptoms, as alleged by the claimant, it must be considered in combination with all the other impairments alleged. 42 U.S.C. Section 423(d)(5)(A).

Although plaintiff's heart condition does not receive a great deal of attention in the record, the records from the Barlow Clinic [Tr. 141–218], indicate plaintiff had been treated for asthma and had a history of hypertension, congestive heart failure, and peptic ulcer disease. Thus, there is a substantial likelihood she suffers from some cardiovascular disease. This is evidenced by electrocardiograms documenting S–T segment elevations and her prior medical history, including radiographic findings of pulmonary infiltrates coupled with exertional dyspnea, and ankle edema. All of these signs and symptoms are highly indicative of congestive heart failure.

Faced with the inevitable conclusion that plaintiff required a pollutant free environment, the Secretary further failed to consider plaintiff's shortness of breath and ability to remain at work. Nor did the Secretary consider whether plaintiff could even leave home to attend work during days when the L.A. basin is blanketed with smog and smog alerts for persons with respiratory diseases. Evidently no consideration was given as to how any, or all, of these factors, would bear upon plaintiff's employability in a competitive marketplace and whether she could do so on a sustained basis. This is especially disconcerting in view of the number of days, approximately ten per month, that plaintiff was required to remain at home due to respiratory distress. Employability may be severely hampered by any of the foregoing elements because the capacity to work "... is not just a matter of whether a claimant has skills and could work on a 'good day'. Even temporarily disabling symptoms can make it impossible for a claimant to hold a job if the symptoms can be expected to recur frequently, disrupting work or forcing absences." *Bell v. Bowen*, 658 F.Supp. 533, 536 (N.D.Ill.1987). And, the ability to work only intermittantly, on a sporadic basis, or only a few hours a day, is not the ability to engage in substantial gainful activity. *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir.1980).

Although it is permissible to consider daily activities to determine a claimant's intellectual ability to work, 20 C.F.R. Sec. 404.1564(a), generally daily activities such as taking care of oneself, performing household tasks, hobbies, etc., are *not* considered substantial gainful activity. 20 C.F.R. Section 404.1573(c). Nor is the ability to do chores at home, from time to time, considered substantial evidence to support a finding that a claimant has the ability to do sedentary work, and this type of finding cannot serve to contradict medical opinions

about a claimant's capacity for work. *Rousey v. Heckler,* 771 F.2d 1065, 1070 (7th Cir.1985). Therefore, the implied assertion offered by the ALJ that since plaintiff could engage in activities at home, she had the residual functional capacity to perform sedentary work [Tr. 13], is without merit. Additionally, 20 C.F.R. Sec. 404.1563(d) requires the Secretary to consider plaintiff's "advanced" age upon her residual functional capacity and marketability of skills. *Renner v. Heckler,* 786 F.2d 1421 (9th Cir. 1986). Although her age was noted in both of the administrative decisions, neither ALJ weighed this factor. Merely alluding to the existence of a fact does not mean it was considered. In short, when rendering a decision, an ALJ is required to consider the totality of the circumstances and articulate his considerations for the record.

*Testimony of Medical Advisors:*

The foregoing principles apply when there are conflicting medical opinions contained in the record. Generally, the opinion of a treating physician is afforded substantial weight. *Murray v. Heckler,* 722 F.2d 499 (9th Cir.1983). An ALJ may disregard the *findings* of a treating physician, but must provide an explanation for doing so, *Id.* It should be noted that none of the opinions or findings of plaintiff's attending doctors were in conflict. The conflict arises between the Secretary's own medical advisors. At the second hearing, Dr. Spraur testified that in her opinion, plaintiff did not meet the Listings and was not disabled. At the first hearing, Dr. Wiseman, another medical advisor testified that plaintiff met the Listings for respiratory disorders and that she was disabled. He testified that plaintiff's pulmonary function tests were close to meeting the listings. He further testified that such tests are generally administered to patients on 'good days' to achieve a better test result. The obvious conclusion is that since plaintiff's pulmonary impairment is episodic in nature, if such testing was done during one of her asthmatic episodes, she would have met the Listings. He further opined that the type of care plaintiff received at home was medically equivalent to hospitalization.

Thus, he believed plaintiff was disabled under the regulations.

The Appeals Council chose to afford more weight to the opinion of Dr. Spraur, the one more favorable to the Secretary's position, and did so with virtually no explanation. That action was contrary to the principles set forth in *Murray, supra.* The opinions, as opposed to findings, of the medical advisors were conflicting. When medical opinion evidence is inconclusive or conflicting, the resolution of any conflict is solely a function of the Secretary but it must be based upon a rational interpretation of the evidence. *Allen v. Heckler,* 749 F.2d 577, 579 (9th Cir.1984). Also, in a very true sense, the opinions of a medical advisor represent conclusions on the ultimate issue of disability. As noted above, the weight to be afforded such statements depends on the extent to which they are supported by specific and complete clinical findings *and* to the extent they are consistent with other evidence contained in the record. *Oldham v. Schweiker,* 660 F.2d 1078 (5th Cir.1981). This is clearly a case in which the Secretary's decision was not supported by substantial evidence or even a rational interpretation of the conflicting medical opinions. For example, Dr. Wiseman's report is also considered more probative in light of his qualifications. His curriculum vitae [Tr. 245–255], indicates that based upon his age, education and past medical experience, he was far more qualified as an expert in respiratory diseases than Dr. Spraur. Dr. Wiseman's medical opinion also appears to be the better reasoned of the two as he weighed functional limitations and more medical factors than did Dr. Spraur.

The foregoing analysis compels a single, inevitable conclusion. When the Secretary chooses to accept the opinion of his own medical advisor, over another similarly employed medical advisor who concurs with plaintiff's attending physicians and expresses an opinion less favorable to the Secretary's position, after he has evaluated the same claimant for the same disorder, the Secretary must at least recognize that the opinion of the more qualified expert should be afforded greater weight. He

must, as well, provide a substantial basis for discarding one over the other. Any contrary conclusion would ignore substantial evidence otherwise contained in the record, *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir.1986), and have the same effect as isolating a specific quantum of unfavorable evidence to support a non-disability finding. Both of those tactics have met with frequent and substantial disapproval in this circuit, among others, since *Day v. Weinberger, supra,* 522 F.2d 1154, 1156.

*Vocational Testimony:*

This case was originally remanded by the Appeals Council, *inter alia,* to obtain and consider the testimony of a vocational expert (V.E.). Although one was not present at the second hearing, a supplemental hearing was held during which the ALJ asked Mr. Stern, a V.E., a hypothetical question that did not even approach an accurate representation of plaintiff's medical conditions [Tr. 75]. To have any validity, hypothetical questions posed to a V.E., must set forth all of a claimant's impairments. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir.1984). The ALJ's hypothetical question in this case failed to note most, if not all, of plaintiff's impairments. He omitted any reference to plaintiff's purported cardiovascular disease, the side effects of her medications, marked exertional and non-exertional limitations and potential excessive absenteeism.

In contradistinction, the hypothetical posed by plaintiff's counsel painted a far more accurate description of the total impact of plaintiff's disorders on her ability to work [Tr. 84–93] and was supported by substantial evidence. *Martinez v. Heckler*, 807 F.2d 771, 773–74 (9th Cir.1986). Based upon that hypothetical, the V.E. concluded that plaintiff was not employable [Tr. 93].

Nonetheless, the ALJ proceeded with his opinion, completely disregarding plaintiff's testimony; the V.E.'s testimony based on the factual hypothetical presented; and the M.A.'s testimony, all without any apparent factual or legal justification for doing so.

*Remand or Reversal:*

If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981). Based upon the foregoing analysis, the Court concludes that even if this case was remanded, plaintiff would be found disabled and therefore a remand would serve no useful purpose. Moreover, the Court has jurisdiction to reverse the final decision of the Secretary pursuant to 42 U.S.C. 405(g).

## CONCLUSION

Based upon the ALJ's misapplication of the statutory law to the facts in this case, the Court concludes that the final decision of the Secretary was not supported by substantial evidence based upon the record as a whole. *Richardson v. Perales, supra,* 402 U.S. at 401, 91 S.Ct. at 1427, 28 L.Ed.2d 842.

Having carefully considered the entire matter, the Magistrate concludes:

1. There is no material issue of fact;
2. The final decision of the Secretary was not supported by substantial evidence;
3. The decision of the Secretary should therefore be reversed and his motion for summary judgment denied and the Plaintiff's motion for summary judgment be granted by this Court.

IT IS THEREFORE RECOMMENDED that an Order issue from the Court (1) approving and adopting this Report and Recommendation, (2) adopting the same as the findings of fact and conclusions of law herein, (3) denying Defendant's motion for summary judgment and granting the Plaintiff's motion for summary judgment, and (4) directing that a Judgment be entered in favor of the Plaintiff, granting benefits.

DATED: June 8, 1988