Louis COLETTA, Plaintiff,

v.

**Larry G. MASSANARI, Acting Commissioner of Social Security Defendant.**

No. C–00–3497 BZ.

United States District Court, N.D. California.

July 25, 2001.

Manuel D. Serpa, Esq., Binder & Binder, Irvine.

Jocelyn Burton, Esq., U.S. Attorney's Office, San Francisco.

Alex G. Tse, Esq., U.S. Attorney's Office, San Francisco.

**ORDER DENYING DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR REMAND**

ZIMMERMAN, United States Magistrate Judge.

Plaintiff Louis Coletta appeals from a final decision by the Commissioner of Social Security (Commissioner) under 42 U.S.C. § 405(g) affirming the decision of an Administrative Law Judge (ALJ). The ALJ found that since Coletta was capable of performing a full range of sedentary

work, he was not disabled and therefore not eligible for social security disability benefits. Tr. at 20–21.

The Social Security Administration Appeals Council declined to review the ALJ's decision. Tr. at 4–5. Coletta timely requested judicial review pursuant to 42 U.S.C. § 405(g), requesting that the ALJ's decision be reversed, or, in the alternative, that the case be remanded to the Commissioner for further proceedings. The parties consented to the jurisdiction of a United States Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636 and have filed cross-motions for summary judgment. This matter is deemed submitted on the briefing of the parties and the transcript of the administrative record below.

■■■ The Commissioner's decision to deny benefits will be disturbed only if it is not supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). Substantial evidence means more than a mere scintilla but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* As a result of the limited scope of the review, the ALJ's decision will be upheld where the evidence is conflicting or inconclusive. *Allen v. Secretary of Health & Human Servs.*, 726 F.2d 1470, 1473 (9th Cir.1984).

■■ To be eligible for social security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which ... can be expected to last for ... not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B). The claimant has the burden of proving that he cannot perform his past relevant work due to his impairments. *Bowen v. Yuckert*, 482 U.S. 137, 107 S.Ct. 2287, 2294, n. 5, 96 L.Ed.2d 119 (1987); *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir.1990). Once established, the burden shifts to the Commissioner to show that there are other jobs existing in significant numbers in the national economy which the claimant can perform. *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir.1986); *Schiele v. Chater*, 1997 WL 305269, at *3 (N.D.Cal.).

Following the standard five step process for evaluating Coletta's claim,[1] the ALJ found at step one that Coletta had not performed substantial gainful activity since November 7, 1996. Tr. 17, 21. At step two, the ALJ found that Coletta suffered from general arthritis of the lower spine and degenerative changes of his knees. Tr. 17, 21. At step three, the ALJ found that Coletta's impairments did not meet or equal any impairment set out in the Listing of Impairments.[2] Tr. 17, 21. At step four, the ALJ found that the severity of Coletta's impairments rendered him unable to perform his past relevant work as construction foreman. Tr. 17, 20–21. At the fifth and final step, the ALJ found that Coletta was not disabled because he re-

---

1. 20 C.F.R. § 416.920 (2000).

2. The Commissioner has acknowledged certain impairments to be so severe as to preclude substantial gainful activity. These impairments are set out in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1 (2000). A claimant whose impairment or combination of impairments meets or equals the "Listings" is presumptively disabled.

tained the residual functional capacity to perform a full range of sedentary tasks on a sustained, full-time basis.[3] Tr. 19, 21. The ALJ determined that Coletta has retained skills which are readily transferable to other occupations existing in significant numbers within the regional and national economies. Tr. 17, 20. Specifically, the ALJ found that Coletta had acquired skills which are transferable to the skilled or semi-skilled work activities of a dispatcher clerk[4] and administratively noticed that a significant number of the 200 separate unskilled sedentary occupations remained within Coletta's residual functional capacity.[5] Tr. 20, 22.

Coletta raises five objections to these findings, alleging that the ALJ: (1) erred by failing to assess the vocational adjustment required for Coletta's acquired skills to be transferable; (2) improperly applied the medical vocational guidelines, 20 C.F.R. Part 404, Rule 201.07 of Table No. 1, Subpart P, Appendix 2 ("the grids"); (3) erred because the number of dispatch clerk jobs cited does not constitute "significant numbers;" (4) improperly rejected the opinions of Coletta's treating physicians and improperly evaluated the find-ings of the examining physicians; and (5) erred in finding that Coletta's subjective complaints were not credible.

■ The ALJ's conclusion that Coletta was not disabled was based on both the vocational expert's testimony and the application of the grids. The vocational expert testified that Coletta "would have some transferable skills ... as a dispatcher clerk." Tr. 63. Specifically, his transferable skills include his ability "to keep time records, ... notifying workers of assignments, establishing their availability, assigns for placement crew when needed, keeps records of departure, return or crew worker for each trip, ... within the transportation field ...." Tr. 63–64. Once the ALJ determined that Coletta has transferable skills and rejected Coletta's allegations of disabling pain,[6] the grids ordinarily would have directed a finding of not disabled.[7] 20 C.F.R. § 404, Subpt. P, App. 2, Rule 201.007; Tr. 20–22.

However, the Social Security Regulations have recognized, and the Courts have concurred, that individuals face greater vocational difficulties as they get older, as reflected by the five year age increments in the social security regulations.[8] *Renner*

---

3. The ALJ found that there was no objective medical evidence of record that the claimant has suffered any longitudinal limitations which would preclude a full range of sedentary activity. Tr. at 19, 21.

4. The vocational expert identified that there were 363 dispatcher clerk jobs in the state economy and 4,752 for the national economy. Tr. 20.

5. Apart from the five-step analysis, the ALJ did not find entirely credible Coletta's allegations of disabling pain, excess pain and nonexertional limitations. Tr. 19–21. While the ALJ believed Coletta had testified in a sincere manner, the ALJ did not find the allegations of pain credible "to the extent that they would have precluded him from a full range of sedentary exertion on a sustained, full-time basis." Tr. 17, 19–20.

6. See footnote 5.

7. Where a claimant's nonexertional limitations, such as pain, are in themselves enough to limit the range of work, the ALJ should not apply the grids, and the testimony of a vocational expert is required to identify specific jobs within the claimant's abilities. *Desrosiers v. Secretary of Health and Human Servs.,* 846 F.2d 573, 577–578 (9th Cir.1987); *Berry v. Apfel,* 1999 WL 179683 at *8 (N.D.Cal.); *Saulsberry v. Chater,* 959 F.Supp. 1247, 1250 (N.D.Cal.1997).

8. 20 C.F.R. § 404.1563(b) states that age may be considered to affect one's vocational abilities beginning at the age of 45 or 50. § 404.1563© addresses claimants between the ages of 50–54, and § 404.1563(d) addresses claimants 55 and above, further demarcating claimants between the ages of 60–64.

*v. Heckler*, 786 F.2d 1421, 1425 9th Cir. 1986); *see Miller v. Shalala*, 1997 WL 285127, at *3 (N.D.Cal.) ("Unlike young claimants, older individuals face a greater challenge in finding work in a competitive marketplace."). The ALJ must find a claimant disabled if the claimant is 1) severely impaired; 2) of advanced age; 3) cannot do medium work;[9] and 4) does not possess skills that can be transferred to less demanding jobs which exist in significant numbers in the national economy. 20 C.F.R. § 404.1563(d). Advanced age (fifty-five or older) is "the point where age significantly affects a person's ability to do substantial gainful activity." *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir.1990) (citing 20 C.F.R. § 404.1563(d)). Coletta, fifty-seven years old at the time of the hearing, is of advanced age. *See* 20 C.F.R. § 404.1563(d); Tr. 17, 21. Transferability of skills to skilled sedentary work for advanced age individuals exists only when there is "very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." 20 C.F.R. § 404, Subpart P, App. 2, § 201.00(f).

In *Renner v. Heckler*, the Ninth Circuit held that in cases involving advanced age individuals, the ALJ must make a specific finding as to the amount of vocational adjustment required. 786 F.2d at 1424. The court noted that "it is necessary to assure that the correct legal standard was applied. Thus the ALJ must either make a finding of 'very little vocational adjustment' or otherwise acknowledge that a more stringent test is being applied which

takes into consideration appellant's age." *Id.; see also Munson v. Bowen*, 1988 WL 33361, at *2 (9th Cir.) (following *Renner*, the court found that the ALJ applied the correct legal standards when the ALJ specifically concluded that adjustment "would not be so significant"); *Greenwood v. Chater*, 1996 WL 945021, at *8 (C.D.Cal.) (finding that the ALJ erred by failing to make specific findings with respect to vocational adjustment). As in this case, the ALJ in *Renner* determined that the advanced aged claimant could not return to previous work, but had transferable skills enabling claimant to perform sedentary work. 786 F.2d. at 1423. The Ninth Circuit remanded *Renner* because "the record [was] silent as to the amount of 'vocational adjustment' required for Renner to transfer into [new positions]," and "[t]he vocational expert failed to demonstrate that Renner would be able to perform [the new positions] with very little, if any, vocational adjustment." *Id.*

 Although Coletta's age was noted in the ALJ's decision, merely stating "the existence of fact does not mean it was considered" pursuant to 20 C.F.R. § 404.1563(d). *Janeway v. Sec'y of Health & Human Servs.*, 702 F.Supp. 795, 802 (C.D.Cal.1988). The vocational expert identified one position in a new industry and work setting where Coletta's skills could transfer, but did not address whether Coletta could vocationally adjust to the dispatcher clerk position in terms of "tools, work processes, work settings, or the industry."[10] Tr. 63; 20 C.F.R. § 404, Sub-

---

**9.** "Medium work involves lifting more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567©

**10.** The Commissioner argues that the ALJ is not required to ask the vocational expert a specific question concerning "vocational adjustment." This is correct, there is no such

requirement. *Miller v. Shalala*, 1997 WL 285127 at *3 (N.D.Cal.) (vocational expert is only required to identify claimant's skills and list alternative jobs that utilize those skills). However, the issue here is not whether the vocational expert possessed an adequate understanding of applicable standards, but whether the ALJ did.

part P, App. 2., Rule 201.00(f). While the Ninth Circuit acknowledged "it is possible to imagine cases where a vocational expert's understanding of the applicable standards would be clear from context," it is not clear from the record in this case that the vocational expert understood the applicable standards. *See Terry*, 903 F.2d at 1279. Regardless, the Ninth Circuit requires the ALJ, not the vocational expert, to make a specific finding on vocational adjustment, which must be supported by the record. *Renner*, 786 F.2d at 1424.

The ALJ did not make a specific finding that very little vocational adjustment was required to transfer Coletta's skills to the dispatcher clerk position. Nor is there evidence that the ALJ acknowledged that a more stringent test was being applied given claimant's advanced age. In fact, the term "vocational adjustment" does not appear anywhere on the record. Therefore, the ALJ committed a legal error in failing to apply Rule 201.00(f) and subsequently improperly applied the grids (in direct contravention of footnote 1 to Rule 201.07).[11] On remand the ALJ is directed to gather sufficient evidence to enable him to make a specific finding with regard to the issue of whether the dispatcher clerk position would have required very little, if any, vocational adjustment for Coletta.[12]

■ Since I find that the ALJ committed a legal error by failing to make a specific finding with regards to vocational adjustment, I do not reach Coletta's other arguments. However, the ALJ is reminded that the administrative notation of the

existence of 200 unskilled sedentary jobs is legally irrelevant when evaluating whether jobs exist in significant numbers, given claimant's age and background. By definition, unskilled jobs are jobs that require no particular skills, judgment, or preparation, and can typically be learned in thirty days. 20 C.F.R. § 404.1568(a). Acquired skills do not transfer to unskilled work, because "if the regulations contemplated asking a person of [Coletta's] age and background to make the transition to unskilled work, there would never be any need to decide the issue of skill transferability." *Botefur v. Heckler*, 612 F.Supp. 973, 977 (D.Or. 1985). The ALJ cannot meet his burden of showing that other jobs exist in significant numbers which the claimant can perform by identifying unskilled jobs. *Terry*, 903 F.2d at 1276.

Given the foregoing, serious doubt exists that the 363 existing dispatcher clerk positions in the state economy and 4,752 positions in the national economy constitute significant numbers. *See* 20 C .F.R. § 416.966. The Ninth Circuit has repeatedly held that when thousands of jobs remain performable within regions of California, substantial evidence supports a finding of significant numbers. *Moncada v. Chater*, 60 F.3d 521, 525 (9th Cir.1995) (2,300 in San Diego County significant, 64,000 nationwide significant); *Barker v. Secretary of Health and Human Servs.*, 882 F.2d 1474, 1479 (9th Cir.1989) (holding that 1,266 jobs in region constitutes significant numbers). However, I am unable to locate a single case accepting any number below

---

**11.** Footnote one instructs the reader to examine Rule 201.00(f), discussed supra.

**12.** Had the ALJ applied the proper legal standards, it is unclear whether a finding that the existence of only one occupation, in a different field than claimant's past employment, would require very little, if any, vocational adjustment, could ever be supported by sub-

stantial evidence. *See Renner*, 786 F.2d at 1424 (ALJ erred in finding transferable skills where some adjustment to new industries and work settings were required); *see also Martinez v. Apfel*, 1999 WL 599469, at *1 (9th Cir.) ("Transferring to a different job in a wholly different industry would require more than the minimal adjustment contemplated under the regulation.").

500 jobs in a geographical region, let alone all of California, as significant.

For the foregoing reasons, **IT IS HEREBY ORDERED** that: plaintiff's motion for **REMAND** is granted, and Defendant's cross-motion for summary judgment is **DENIED**.