124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Iris GREENWALT, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security, Defendant-Appellee.
 No. 96-35649.
 United States Court of Appeals, Ninth Circuit.
 Sept. 17, 1997.
 
 1
 Appeal from the United States District Court for the Eastern District of Washington, D.C. No. CV-95-00388-CI; Cynthia Imbrogno, Magistrate Judge, Presiding.
 
 
 2
 Before: WRIGHT and SCHROEDER, Circuit Judges, and SCHWARZER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Iris Greenwalt appeals summary judgment of her application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 423. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 5
 We review a summary judgment de novo. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir.1996), cert. denied, 117 S.Ct. 953 (1997). The decision of an Administrative Law Judge, however, must be affirmed if free of legal error and supported by substantial evidence. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996).
 
 
 6
 Greenwalt does not dispute the ALJ's finding that she is capable of working as an usher or lobby attendant, but objects to his finding that 850 such jobs in Washington and 55,000 nationwide constitutes work in "significant numbers." 42 U.S.C. § 423(d)(2)(A). We hold that substantial evidence supports that finding. Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir.1986).
 
 
 7
 We have never found a "minimum number of jobs necessary to constitute a 'significant number,' " but have held that job quantities similar to those available here are "within the parameters of 'significant numbers.' " Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-79 (9th Cir.1989) (1,266 jobs in region significant). See also Moncado v. Chater, 60 F.3d 521, 525 (9th Cir.1995) (2,300 jobs in region and 64,000 nationwide significant); Martinez, 807 F.2d at 775 (3,750 to 4,250 jobs in region significant). In a case involving a claimant who, like Greenwalt, had lost the use of his right arm, the Tenth Circuit found no error in the ALJ's finding that 650 to 900 jobs in the state of Oklahoma constituted a significant number. Trimiar v. Sullivan, 966 F.2d 1326, 1329-1332 (10th Cir.1992).
 
 
 8
 Greenwalt offers no evidence of error other than the vocational expert's opinion that the jobs do not exist in "really great or large numbers on a full-time basis." SER 27-28. Not only does this not directly conflict with the ALJ's finding, but we have held that an "expert's opinion about what constitutes a significant number of jobs is not relevant." Barker, 882 F.2d at 1480.
 
 
 9
 Contrary to Greenwalt's other contention, the ALJ did not violate Social Security Ruling 83-12 in finding her able to perform other work. SSR 83-12 limits only the use of the medical vocational guidelines ("the grids") to evaluate a claimant who has lost an upper extremity. Here the ALJ did exactly what the ruling prescribes by consulting a vocational expert as to what jobs a person with Greenwalt's impairments could perform. Greenwalt does not deny that she can do the work identified by the vocational expert, which he testified "did not require any significant use of an upper appendage." SER 27-28.
 
 
 10
 AFFIRMED.
 
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3