MEMORANDUM **
Linda Hart appeals the district court’s decision affirming the Administrative Law Judge’s (“ALJ”) denial of her application for disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
The panel’s review is “essentially the same as that undertaken by the district court.” Stone v. Heckler, 761 F.2d 530, 532 (9th Cir.1985). In both cases, the court determines whether the ALJ’s decision can be supported by “substantial evidence.” Batson v. Comm’r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir.2004). “Substantial evidence” is “more than a mere scintilla, but less than a preponderance.” Desrosiers v. Sec’y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir.1988) (internal quotations and citations omitted).
1. The panel reviews a claimant’s testimony of medical impairment under a two-step process. First, “[t]he claimant must produce objective medical evidence of an underlying impairment ‘which could reasonably be expected to produce the pain or other symptoms alleged....’” Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (quoting 42 U.S.C. § 423(d)(5)(A) (1988)). Second, assuming claimant produces such evidence and there is no affirmative evidence the claimant is malingering, the Commissioner must provide “clear and convincing” reasons for rejecting the testimony. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.1993) (quoting Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989)). The record is replete with instances of Hart making misrepresentations, doctor-shopping, and drug seeking. The ALJ thus provided clear and convincing reasons for rejecting Hart’s testimony.
2. The ALJ erred by partially rejecting the testimony of Hart’s husband and sister. Though the ALJ gave their testimony “some weight,” it is clear the ALJ did not find either witness entirely credible. An ALJ may reject a lay witness testimony “only if he gives reasons germane to each witness whose testimony he rejects.” Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.1996) (internal citation omitted). In this instance, the ALJ provided no reasons at all for giving either witness’s testimony less than full weight. Nevertheless, we find the ALJ’s error was “harmless.” Stout v. Comm’r of Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir.2006). Even if the court were to fully credit the testimonies of Hart’s husband and sister, the ALJ still had substantial evidence to support his finding that Hart’s impairments were not severe.
3. Substantial evidence supports the finding that Hart’s migraines were not severe. While Dr. Carlini diagnosed migraines, he made no statement about their severity. Furthermore, Hart failed to fol *178 low all of Carlini’s medical advice, which undermines Hart’s claims that the migraines were severe.
4. An ALJ may reject a treating doctor’s uncontradicted opinion, only after giving “clear and convincing reasons supported by substantial evidence in the record.” Reddick v. Chater, 157 F.3d 715, 725 (9th Cir.1998) (internal quotations and citation omitted). The ALJ provided clear and convincing reasons for rejecting the testimony of Dr. Dempsey and Dr. Fiallos.
As to Dr. Dempsey (who found Hart had functional limitations), Dr. Dempsey provided his testimony on a checkbox that contained none of his rationale or explanations. More importantly, Dr. Dempsey noted that Hart’s bipolar disorder substantially improved when taking the proper medications and that Hart nonetheless stopped going to her bipolar support group.
As to Dr. Fiallos (who suggested Hart had functional limitations), his finding was based on Hart’s self report, which the ALJ properly rejected. Second, Hart’s multiple visits to doctors, providers, and support groups belie her supposed anxiety. And finally, Hart testified that she had been gardening, cooking, and fishing, all of which contradict her claims of debilitating impairments.
5. An ALJ may rely on a vocational expert’s testimony, so long as the hypothetical questions “set out all the limitations and restrictions of the particular claimant....” Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir.1989) (alterations in original) (quoting Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir.1988)). However, “the ALJ is ‘free to accept or reject these restrictions ... as long as they are supported by substantial evidence.’” Id. at 756-57 (quoting Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir.1986)) (alterations in original). For the foregoing reasons, the ALJ did not err by failing to include all the limitations Hart urged to be included in the hypothetical given to the vocational expert.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.