Eleuterio MARTINEZ,
Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant-Appellee.

No. 85–5564.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 1986.

Decided Nov. 13, 1986.

Designated for Publication Jan. 7, 1987.

As Corrected Jan. 16, 1987.

Martin Taller, Rucker & Tucker, Anaheim, Cal., for plaintiff-appellant.

David R. Mazzi, Dept. of Health & Human Services, San Francisco, Cal., for defendant-appellee.

Before ALARCON, BRUNETTI, and NOONAN, Circuit Judges.

BRUNETTI, Circuit Judge:

Eleuterio Martinez appeals the district court judgment affirming the decision of the Secretary of Health and Human Services (the Secretary) denying disability benefits. Martinez contends that (1) the district court erred by not addressing the issue of whether the hypotheticals presented by the administrative law judge contained conflicting facts and omissions; (2) the district court erred in not considering the vocational expert's testimony regarding Martinez's need to alternatively sit and stand due to pain limitations; and (3) the finding that Martinez can perform work that exists in significant numbers in the national economy is not supported by substantial evidence.

We disagree and affirm.

## I

## FACTS AND PROCEEDINGS BELOW

Martinez injured his back on September 3, 1980 while attempting to lift a rim and tire onto a truck wheel. On September 29, 1980, he filed for supplemental security income benefits based on disability due to the back injury. That application was denied on October 24, 1980. On October 15, 1981, he filed for disability insurance benefits, alleging disability since the September 3, 1980 accident. That application was also denied, and the denial was upheld on reconsideration. A request for a hearing was filed, and the Administrative Law Judge (ALJ) issued a decision on June 15, 1983, finding that Martinez had the residual functional capacity for a narrow range of light activity, with the light level capacity for standing and walking, but with a requirement to change positions from sitting to standing, and with lifting limitations of five to ten pounds. The ALJ found this capacity consistent with alternative, unskilled work as a hand assembler or bench machine operator, and found that there were a significant number (approx. 4,250) of jobs available in the local economy.

The ALJ's decision was approved by the Appeals Council after it considered additional evidence submitted by Martinez. Martinez thereafter brought an action in the United States District Court seeking to set aside the decision of the Secretary. Findings and Recommendations were made by the United States Magistrate, and objections were filed. The magistrate filed his final Report and Recommendation, and the district court adopted the magistrate's findings and recommendations.

## II

## STANDARD OF REVIEW

The Secretary's decision denying benefits will be disturbed only if it is not supported by substantial evidence or based on legal error. *Nyman v. Heckler,* 779 F.2d 528, 530 (9th Cir.1985), *amended on other grounds,* No. 85–3726 (9th Cir. Feb. 24, 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). We consider the record as a whole, weighing both the evidence that supports and detracts from the Secretary's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir.1985); *see also Swanson v. Secretary of Health & Human Services,* 763 F.2d 1061, 1064 (9th Cir.1985).

## III

## ANALYSIS

To qualify for disability benefits, the claimant must establish that a medically determinable physical or mental impairment prevents him from engaging in substantial gainful activity. The claimant must demonstrate that the impairment is expected to result in death or to last for a continuous period of at least twelve months. *Jones,* 760 F.2d at 995; *Gallant v. Heckler,* 753 F.2d 1450, 1452 (9th Cir.

1984); 42 U.S.C. § 423(d)(1)(A). Additionally, the impairment must result from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical or laboratory diagnostic techniques. *Gallant,* 753 F.2d at 1452; 42 U.S.C. § 423(d)(3).

In hearings arising out of a claimant's initial application for benefits, the claimant has the burden of proving he is disabled. *Swanson,* 763 F.2d at 1064; *Gallant,* 753 F.2d at 1452. The claimant establishes a prima facie case of disability by showing that a physical or mental impairment prevents him from performing his previous occupation. *Gallant,* 753 F.2d at 1452. The burden then shifts to the Secretary to show that the claimant can perform other types of work existing in the national economy, given his residual functional capacity, age, education, and work experience. *Id. See also* 20 C.F.R. §§ 404.-1520(f), 404.1560–.1568 (1985).

A. *The Hypotheticals.*

Martinez argues that the district court erred by not addressing the issue of whether the hypotheticals presented by the administrative law judge contained conflicting facts and omissions.

The ALJ asked the vocational expert what kind of jobs were available to a person that had the following limitations:

> Assuming ... that the claimant retains the ability to stand and walk, sufficient to do light work, however he is unable to do the lifting requirements for light work. That is, his lifting would be restricted to no more than 5 to 10 pounds maximum....
>
> .    .    .    .    .
>
> [and] assuming ... that the claimant had to change positions during the day, but could otherwise work at a bench, that is, he would have to alternate standing and sitting, ... would he be able to do those jobs that were outlined by you?

In answer to this question, the vocational expert testified that there would be 3,750 to 4,250 jobs available.

After this examination, counsel for the claimant included other, more limiting restrictions:

> Assuming ... that Mr. Martinez was limited as far as his walking ability so that he couldn't walk more than ... ½ block at a time, that he had to walk with a cane, and also assuming that he could not stand more than a half hour at a time, and then after the first half hour his limitation would even be further reduced,...."

As the magistrate noted, "[t]he hypothetical questions posed by plaintiff's counsel obviously contain more and different restrictions than those posed by the administrative law judge." The administrative law judge was not bound to accept those restrictions as true.

Martinez has certain medical impairments that could reasonably be expected to produce a certain amount of pain and limitation. In the recent decision of *Green v. Heckler,* 803 F.2d 528 (9th Cir.1986), we encountered a similar situation. There too, the claimant experienced a substantial amount of pain. However, in that case, as in this, the claimant's testimony indicated that he experienced significantly more pain than would normally be expected for a person with his impairments. As we stated in that case:

> [t]he Secretary is not required to believe a claimant's complaints of pain. The Secretary can disregard such self-serving testimony whenever the claimant fails to submit objective medical findings establishing a medical impairment that could reasonably be expected to produce the claimed pain. *Nyman,* 779 F.2d at 531; *Taylor v. Heckler,* 765 F.2d 872, 876 (9th Cir.1985). However, she must make specific findings justifying that decision. *Miller v. Heckler,* 770 F.2d 845, 848 (9th Cir.1985); *Bellamy v. Secretary of Health and Human Services,* 755 F.2d 1380, 1382 (9th Cir.1985).

*Green,* 803 F.2d at 531.

As we also stated, "[s]ection 423(d)(5)(A) states that an individual's

statement as to pain ... shall not alone be conclusive evidence of disability.... Objective medical evidence of pain ... must be considered in reaching a conclusion as to whether the individual is under a disability." *Id.* The hypothetical suggested by claimant's counsel added considerations more restrictive than those suggested by the ALJ. Based on his evaluation of the evidence, the administrative law judge was free to accept or reject those restrictions. Administrative hearings are uniquely suited for such factual determinations, and we will not overturn them as long as they are supported by substantial evidence. *Nyman v. Heckler*, 779 F.2d 528, 530 (9th Cir.1985); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.1982). The claimant was examined numerous times by several physicians. Although there is some conflicting evidence, clearly, the weight of medical evidence supports the hypothetical questions posed by the ALJ.

■ The Claimant also argues that the hypothetical presented to the vocational expert, Dr. Workman, "failed to address limitations of movement such as bending, stooping, squatting, and reaching which are logically consistent with a five to ten pound weight restriction and the necessity to stand and sit at will." Although bending, stooping, squatting, and reaching *may* be consistent with lifting and standing restrictions, it does not follow that they *must be* consistent with these limitations. Again, these factual determinations, uniquely suited for the administrative hearing must be upheld as long as they are supported by substantial evidence. The ALJ's determination in this case is supported by substantial evidence.

### B. *Martinez's Need to Alternatively Sit or Stand.*

Martinez also argues that the district court erred in not considering the vocational expert's testimony regarding Martinez's need to alternatively sit and stand due to pain limitations. The ALJ asked the expert to assess the number of jobs that the claimant could perform if the claimant were

limited in his lifting abilities, and "could otherwise work at a bench, ... [but] *would have to alternate standing and sitting,* ...." (Emphasis added) Clearly, in answering the ALJ, Dr. Workman's estimate of the number of available jobs reflected consideration of this limitation. A review of the colloquy between the ALJ and Dr. Workman reveals that the ALJ took this limitation into consideration in making his decision.

### C. *Jobs in Significant Numbers.*

■ Finally, Martinez argues that the finding that he can perform work that exists in significant numbers in the national economy is not supported by substantial evidence. Dr. Workman testified that there existed in the Greater Metropolitan Los Angeles, Orange County area, 3,750 to 4,250 jobs which the claimant could perform with his limitations. He stated that this was a very conservative estimate. The claimant urges us to find that this number of jobs does not constitute a "significant number" of jobs. He cites the case of *Graves v. Secretary*, 473 F.2d 807 (6th Cir.1978) as support for his position. The vocational expert in the *Graves* case testified that the claimant could qualify for between 750 and 1,000 jobs. He noted that this was approximately 1 to 5% of the total light factory work in the Detroit area (there were between 50,000 and 100,000 light factory jobs in the area). The expert also testified that these jobs were not prevalent in the national economy, that employers who had these jobs were reluctant to hire people with physical handicaps, that most employers discriminated against older applicants, and that these jobs were 75% filled on a regular basis. In light of this evidence, the court concluded that the secretary had not demonstrated that "work for which the applicant is qualified is available in significant numbers in the national economy as defined in the Act." *Id.* at 810.

Although the *Graves* court found that the *availability* of jobs was limited by the employment practices of employers, Congress has explicitly determined that it is

the *existence* of jobs that is essential, and that an administrative law judge is *not* required to consider the hiring practices of employers, or whether a claimant could actually obtain work if he applied for it. 42 U.S.C. § 423(d)(2) states:

an individual ... shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, *regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.*

*Id.* (emphasis added). *See also* 20 C.F.R. § 404.1566(b)(1), (3) & (7); This circuit has consistently held, in accordance with these statutes and regulations, that the definition of disability is based upon the *existence* of jobs in significant numbers in the national economy. *Sorenson v. Weinberger,* 514 F.2d 1112, 1118–19 (9th Cir.1975); *Torske v. Richardson,* 484 F.2d 59, 60 (9th Cir. 1973) *cert. denied* 417 U.S. 993, 94 S.Ct. 2646, 41 L.Ed.2d 237; *Waters v. Gardner,* 452 F.2d 855, 857 (9th Cir.1971); *Chavies v. Finch,* 443 F.2d 356, 357 (9th Cir.1971). "The courts cannot rewrite the definition of disability laid down by Congress." *Sorenson* at 1118–19. *Graves* is inconsistent with the law of this circuit, and is not controlling in this case.

The claimant urges us to ignore the number of jobs he is able to perform with his limitations and to analyze the ratio of jobs to the general population of the Greater Metropolitan Los Angeles and Orange County area. We decline. Even if we had credible numbers on total existing light

jobs, an analysis of the ratio of light jobs the claimant could perform to the total existing light jobs, as applied in *Graves,* is unwarranted. The plain language of the regulations do not contemplate a ratio analysis. The regulations speak in terms of whether a significant *number* of jobs exist that the claimant is capable of performing.[1]

Whether there are a significant number of jobs a claimant is able to perform with his limitations is a question of fact to be determined by a judicial officer. As we have noted previously, the existence of two "isolated jobs" is not adequate to support a finding that there is a significant number of jobs the claimant is able to perform. *Walker v. Matthews,* 546 F.2d 814, 820 (9th Cir.1976). However, that is clearly not the case here, where 3,750 to 4,250 jobs exist within the claimant's limitations. The administrative law judge's finding of fact that the claimant is capable of performing jobs that exist in significant numbers is not clearly erroneous.

## IV

## CONCLUSION

The ALJ was not bound to accept hypothetical questions that were more restrictive than those posed by him. The hypotheticals presented by the ALJ to Dr. Workman were supported by substantial medical evidence found in the record. It is also clear that in making a determination as to the number of jobs available, the ALJ analyzed and considered the need of the claimant to alternatively sit and stand. Finally, we agree with the ALJ, the magistrate, and the district judge that the claimant could perform work that exists in significant numbers.

AFFIRMED.

---

1. 20 C.F.R. § 404.1566 states in pertinent part: (b) *How we determine the existence of work.* Work exists in the national economy when there is a significant *number* of jobs ... having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. Isolated jobs that exist only in very limited *numbers* in relative-

ly few locations outside of the region where you live are not considered "work which exists in the national economy". We will not deny you disability benefits on the basis of the existence of these kinds of jobs. 20 C.F.R. § 404.1566(b). *See also* 20 C.F.R. § 416.966(b) (emphasis added).