**Stanley LANIER, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

No. 87 C 5548.

United States District Court, N.D. Illinois, E.D.

March 14, 1988.

---

2. Again, the court expresses no opinion as to an

innocent party's duties under Section 761.65.

Daniel Galatzer, Daniel Galatzer, Ltd., Chicago, Ill., for plaintiff.

Elizabeth M. Landes, Asst.U.S.Atty., Anthony Valukas, U.S. Atty., for N.D. Ill., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

This is an action for judicial review of a denial of disability benefits. 42 U.S.C. 405(b). The applicable principles of law are, with one exception, clearly established. The Secretary's decision to deny may not be arbitrary, it must be supported by substantial evidence, conflicts in the evidence are for the Secretary to resolve, and the Secretary must set forth in writing adequate reasons for his decision. *See Walker v. Bowen*, 834 F.2d 635, 634–40 (7th Cir. 1987). Substantial evidence is evidence sufficient to preclude a directed verdict against the party relying upon it. *Moore v. Director*, 835 F.2d 1219, 1220 (7th Cir. 1987).

In this case the claimant suffered a severe injury in a truck accident. His injuries preclude return to his prior work. He required extensive hospitalization and then lengthy therapy. His recovery was complicated by mental problems, which the record suggests may have arisen from the drugs he was taking. The scope of the dispute here is relatively narrow. There was a serious injury, return to past work is not possible, the condition of the claimant had improved since his original injury. The contested questions are whether he was ever disabled for the requisite twelve month period and whether that disability precluded light work. The Secretary decided both questions against the claimant.

If read carefully the record could reasonably cause the claimant or his lawyer to believe they had a chance of prevailing on the claim of disability. In light of the written opinion of the Administrative Law Judge (ALJ), it is hard to see any cause to seek review on the question of disability. There was medical evidence of disability, but there was evidence to the contrary. Conflicting opinions of physicians are for the ALJ to weigh, and, despite a suggestion by claimant, there is no reason why the ALJ had to conclude that Dr. Dwyer's opinion resulted from impermissible bias and Dr. Marshall's did not. Acceptance of Dr. Dwyer's observations and conclusions was within reason. The finding of the ALJ that claimant's complaints of pain were not credible is similarly within reason. The ALJ had the benefit of personal observation of the claimant and correctly noted the reported pain was not supported by objective medical evidence (and no cause to inquire into psychogenic pain disorder arose). *See Walker v. Bowen*, 834 F.2d at 641. The ALJ was entitled to find the absence of any period of disability.

The ALJ had adequate evidence to support his conclusion that the claimant was capable of doing light work. The ALJ used the Medical–Vocational Guidelines to establish the ability to do light work, and reliance on the grid was proper here. *Nelson v. Secretary*, 770 F.2d 682, 685 (7th Cir. 1985). Moreover, the ALJ also heard evidence from a vocational expert. The expert testified, on the basis of a hypothetical question, that light work was available to someone in the claimant's position. The hypothetical question was based on the claimant's principal condition as assessed by the claimant's physician. The question assumed facts more favorable to the claimant than the ALJ found to exist; *a fortiori*, on the facts found, the expert's testimony clearly supports the ALJ's ultimate finding.

Either the grid or the expert testimony is sufficient to support the view of the ALJ.

The claimant argues that even if he could do light work, there are not a significant number of jobs in the regional work force that he can perform. He reasons that the ALJ cited a list of 19,000 jobs which is an insignificant percentage of jobs in the Chicago area, ergo, there is an insignificant number of jobs claimant can perform.

I leave to one side the facts that (1) the ALJ could simply rely upon the grid to determine the presence of a significant number of jobs (*Heckler v. Campbell,* 461 U.S. 458, 467–69, 103 S.Ct.1952, 1957–58, 76 L.Ed.2d 66 (1983)) and (2) the list of jobs may not be exhaustive. Even so, the argument fails. The requirement of "significance" in the law applies to the absolute number of jobs and not the relative percentage. *See Martinez v. Heckler,* 807 F.2d 771, 775 (9th Cir.1987); 19,000 jobs is obviously a significant number of jobs. The Secretary has cited cases holding numbers far fewer than 19,000 to be significant, but the citations are really unnecessary. The claimant's entire argument of "insignificance" depends upon applying it to the relative percentage of available jobs. Its force evaporates entirely when applied to the actual number of jobs.

The Secretary's motion for summary judgment is granted and the Clerk is directed to enter judgment for the Secretary.