**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RAYMOND SPENCER,
Plaintiff-Appellant,

v.

No. 95-2171

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Winston-Salem.
James A. Beaty, Jr., District Judge.
(CA-94-38-6)

Submitted: November 28, 1995

Decided: January 31, 1996

Before WIDENER and HALL, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph E. Wolfe, WOLFE & FARMER, Norton, Virginia, for Appel-
lant. Frank W. Hunger, Assistant Attorney General, Walter C.
Holton, Jr., United States Attorney, Mack A. Davis, Acting Chief
Counsel, Region III, Mary Ann Sloan, Principal Regional Counsel,
Social Security Disability Litigation, Haila Naomi Kleinman, Super-
visory Assistant Regional Counsel, John C. Stoner, Assistant

Regional Counsel, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals from a decision of the district court affirming the denial of Social Security disability benefits. We affirm. Appellant raises three assignments of error against the Administrative Law Judge (ALJ): (1) the ALJ did not accord great weight to the uncontradicted opinion of a consulting psychiatrist; (2) the ALJ asked a hypothetical question which did not contain all of the impairments suggested by Appellant's consulting physician; and (3) the ALJ based his determination, in part, on his observations of Appellant during the hearing. Appellant also contends that the ALJ's determination that Appellant was not disabled within the meaning of 20 C.F.R. §§ 404.1520(f) or 416.920(f) (1995) was not supported by substantial evidence.

We find Appellant's three assignments of error to be without merit. The ALJ's decision not to accord great weight to the opinion of Appellant's consulting psychiatrist is supported by 20 C.F.R. §§ 404.1527(d) and 416.927(d). The propriety of this decision also justifies the ALJ's hypothetical question. The question contained all of Appellant's physical impairments and those mental impairments supported by the record. The question was thus supported by substantial evidence and was not posed in error. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1986). As to Appellant's third allegation of error, we find that the ALJ's observations regarding Appellant's memory and frequent confusion may have been error. However, given the fact that the ALJ included these impairments in the question posed to the vocational expert, we find any error to be harmless.

2

Finally, we find that the ALJ's determination that Appellant was not disabled within the meaning of the Social Security Act to be supported by substantial evidence.\* Significantly the only expert who testified that Appellant was totally and permanently disabled was the consulting psychiatrist. As explained, the ALJ chose not to accord this opinion great weight. He thus eliminated the portions of the opinion in conflict with Appellant's testimony and included the remaining impairments in the hypothetical posed to the vocational expert. The vocational expert testified that these impairments did not prevent Appellant from finding employment in a significant number of available fields. In the absence of other medical evidence of mental impairment, we find that the vocational expert's testimony constitutes substantial evidence upon which the ALJ was justified in relying. Accordingly, we affirm on the reasoning of the district court. <u>Spencer v. Secretary of Health & Human Servs.</u>, No. CA-94-38-6 (M.D.N.C. May 23, 1995). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

_____

\*Appellant has only raised a challenge to the ALJ's finding of no mental disability. Therefore, he has waived any challenge regarding a physical disability. <u>See Shopco Distrib. Co. v. Commanding Gen.</u>, 885 F.2d 167, 170 n.3 (4th Cir. 1989).

3