

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

EVELYN MORALES,

        Plaintiff - Appellant,

  v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant - Appellee.

No. 12-35519

D.C. No. 3:11-cv-05381-RBL

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted July 9, 2013
Seattle, Washington

Before: M. SMITH and N.R. SMITH, Circuit Judges, and WALTER, Senior
District Judge.[**]

    Evelyn Morales appeals the district court's affirmance of the Administrative

Law Judge's (ALJ) decision finding Morales was not disabled and was ineligible

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Donald E. Walter, Senior District Judge for the U.S.
District Court for the Western District of Louisiana, sitting by designation.

for benefits. Morales contends the ALJ erred in: (1) failing to properly evaluate the medical evidence; (2) failing to properly evaluate her testimony; (3) failing to properly evaluate the statement of her husband, John Morales; (4) failing to properly evaluate her residual functional capacity (RFC); and (5) basing his finding at step five of the sequential evaluation process on a hypothetical to the vocational expert that allegedly did not accurately reflect Morales's limitations. We affirm.

"Our review is essentially the same as that undertaken by the district court." *Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985). In both cases, the court determines whether the ALJ's decision can be supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" is "more than a mere scintilla, but less than a preponderance." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (internal quotation marks and citations omitted).

1.      The ALJ properly evaluated the medical evidence. An ALJ may reject a treating doctor's uncontradicted opinion only after giving "clear and convincing reasons supported by substantial evidence in the record." *Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998) (internal quotation marks and citation omitted). Here, the ALJ did not reject the opinion of Morales's treating physician. Morales's treating physician did not provide an opinion on Morales's limitations. Thus, there

was no uncontradicted medical opinion in the record from Morales's treating physician. The ALJ: (1) acknowledged that Morales went to the New Heights Clinic (where she saw her treating physician); and (2) reviewed all of Morales's medical records from the clinic (giving them equal weight unless he otherwise specified). The ALJ found that these medical records supported Morales's diagnosis of depression and anxiety, along with a history of auditory hallucinations. The ALJ did not and was not required to recite the medical records in reviewing Morales's medically determinable impairments. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). The ALJ need only explain why "significant, probative evidence has been rejected," and must explain why uncontroverted medical evidence is rejected. *Id*. at 1395. Here, the record does not reflect (and Morales does not specify) any objective significant probative medical evidence that the ALJ failed to consider in making his determination.

The ALJ reviewed and considered Morales's counseling and treatment records from the Wellness Project. However, the ALJ rejected the letters written on behalf of Morales by the Wellness Project's employees. The ALJ improperly rejected the letters co-written in part by Dr. Joseph. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (noting that "clear and convincing reasons are required to reject the treating doctor's ultimate conclusions") . The error, however, was

3

harmless. While Dr. Joseph is an acceptable medical source, the letters still failed to provide objective medical evidence of Morales's limitations. Additionally, the second letter by Dr. Joseph inexplicably lowered Morales's Global Assessment of Functioning (GAF) score by 15 points without explanation based upon the same reported subjective symptoms.

The additional letters and treatment notes from the Wellness Project were not from an "acceptable medical source," and were properly rejected based on the ALJ's credibility determination regarding Morales's limitations.

Finally, the ALJ's determination was supported by substantial medical evidence. The ALJ considered the testimony of all the state-appointed consultative psychologists, giving Dr. Clifford's, Dr. Eather's, and Dr. Essing's opinions moderate weight, because they did not evaluate Morales's entire medical record. The ALJ gave significant weight to the opinion of Dr. Alvord, because it was the most current opinion and based upon a longitudinal record. Dr. Alvord's opinion was largely consistent with the medical findings, but only differed with regard to Morales's limitations. Morales argues that the ALJ's consideration of the state appointed consultative psychologists was tainted by the ALJ's failure to properly evaluate the medical evidence from her treating doctors and the Wellness Project. However, because the ALJ did not err in evaluating the medical evidence or

4

Morales's testimony, the ALJ's reliance on state-appointed psychologists was proper.

2.     This court reviews the claimant's testimony of medical impairment under a two-step process.  First, "[t]he claimant must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged . . . .'" *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A)).  Second, assuming the claimant produces such evidence and there is no affirmative evidence the claimant is malingering, the Commissioner must provide "clear and convincing reasons" for rejecting the testimony.  *Dodrill v. Shalala,* 12 F.3d 915, 918 (9th Cir. 1993).  The ALJ did not err in his treatment of Morales's written statements or testimony, because he gave clear and convincing reasons for disbelieving Morales's testimony about her level of functioning.  *Id*.  The ALJ stated that Morales's claimed limitations were inconsistent with the medical records and with her reported daily activities.  The ALJ specifically noted that described daily activities are not limited to the degree one would expect from someone with Morales's alleged limitations.

3.     An ALJ may reject lay witness testimony "only if he gives reasons germane to each witness whose testimony he rejects." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).  The ALJ did not err in his treatment of the written statement

5

of Morales's husband. The ALJ gave Mr. Morales's statement only moderate weight because he found it to be fairly consistent with Morales's reported level of activity and functioning, which he found to be exaggerated.

4.      Morales only challenges the RFC finding based on the ALJ's failure to properly evaluate the medical evidence and Morales's testimony. In light of our holding, the ALJ did not err in his RFC finding.

5.      An ALJ may rely on a vocational expert's testimony so long as the hypothetical questions "set out *all* the limitations and restrictions of the particular claimant . . . ." *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). However, "the ALJ is 'free to accept or reject these restrictions . . . as long as they are supported by substantial evidence.'" *Id.* at 756–57 (quoting *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986) (alterations in original)). Here, the ALJ did not err by failing to include all the limitations that Morales urged (based on her subjective complaints) to be included in the hypothetical given to the vocational expert, because the ALJ properly rejected those subjective claims.

      **AFFIRMED.**