**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STACY L. PARKER,<br><br>           Plaintiff-Appellant,<br><br>   v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>           Defendant-Appellee. | No. 19-35615<br><br>D.C. No. 3:17-cv-06050-TLF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Theresa Lauren Fricke, Magistrate Judge, Presiding

Argued and Submitted October 6, 2020
Seattle, Washington

Before: GRABER and W. FLETCHER, Circuit Judges, and FREUDENTHAL,[**] District Judge.

     Stacy L. Parker appeals from the district court's judgment affirming the

decision of the Commissioner of Social Security denying her claim for disability

benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The Honorable Nancy D. Freudenthal, United States District Judge for the District of Wyoming, sitting by designation.

1. The Administrative Law Judge (ALJ) did not err by not ordering a psychological evaluation. No provider suggested that Parker had mental health issues during the relevant period, nor are there observations that created ambiguity about her mental health. See Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2001) (noting that a case "normally require[s] a consultative examination" if "additional evidence needed is not contained in the records," or if there is "an ambiguity or insufficiency in the evidence that must be resolved" (internal quotations marks and alterations omitted)).

2. The ALJ permissibly interpreted the medical evidence. The testifying medical expert reasonably found that Parker's probable diagnosis of fibromyalgia was not supported by recorded exams or laboratory findings. The ALJ's decision to give the expert's testimony significant weight was therefore supported by substantial evidence. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).

3. The ALJ gave "clear and convincing reasons" to discredit Parker's testimony regarding the extent, severity, and limiting effect of her physical impairments on the grounds that it was inconsistent with her daily activities and the treatment she received. Garrison v. Colvin, 759 F.3d 995, 1014–15 (9th Cir. 2014). For example, the ALJ reasonably found Parker's report to one doctor that she is unable to exercise due to pain inconsistent with her report to another doctor

2

just a few days later that she was faithfully performing her physical therapy exercises. Substantial evidence also supports the ALJ's finding that Parker's testimony regarding her mental impairments was inconsistent with the medical evidence.

4. The ALJ gave "germane reasons" for discrediting the testimony of Parker's friend. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). The lay witness testimony regarding Parker's physical impairments was inconsistent with the activities Parker was able to do. The record lacks evidence of mental impairments, so the lay witness's testimony was inconsistent on that issue, as well.

5. Because substantial evidence supports the ALJ's conclusions regarding the medical and lay evidence, we find no error in the ALJ's residual functional capacity determination. Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987).

**AFFIRMED**.