NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KENNETH P. CORNELLIER,

        Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant-Appellee.

No.   19-35903

D.C. No. 3:18-cv-05773-RAJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted October 27, 2020
Portland, Oregon

Before: GRABER and IKUTA, Circuit Judges, and BENITEZ,[**] District Judge.
Dissent by Judge GRABER

     Kenneth Cornellier appeals from the district court judgment affirming the

final decision of the Commissioner of Social Security to deny Cornellier's

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

protective application for benefits under Title II of the Social Security Act and Cornellier's protective application for supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the judgment of the district court.

The administrative record includes extensive medical opinions and treatment notes showing longitudinal variations in Cornellier's condition. Reviewing the record as a whole, and fulfilling his obligation to resolve conflicts and ambiguities in the record, *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), the ALJ reached conclusions supported by substantial evidence.

First, the ALJ reasonably relied on the treatment notes from treating physician Dr. Clark-Neitzel (a treating physician working at Valley View Medical), which frequently reported that Cornellier had "normal mental status examinations, including normal orientation, insight, and judgment with appropriate mood and affect," as well as multiple treatment notes from other treating physicians that indicated that Cornellier experienced "good therapeutic response to treatment when he was compliant." "We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Magallanes*, 881 F.2d at 750. "[C]onsider[ing] the record as a whole, weighing both the evidence that supports and detracts" from the ALJ's conclusion, *see Martinez v.*

2

*Heckler*, 807 F.2d 771, 772 (9th Cir. 1986), we conclude that the ALJ's decision was supported by substantial evidence.

While giving due consideration to Dr. Clark-Neitzel's treatment notes, the ALJ gave specific and legitimate reasons for discounting Dr. Clark-Neitzel's one-page form entitled "Proof of Disability Statement," which stated only that "the person named above became disabled on 10/31/2016 and is unable to engage in any substantial gainful activity," and that the "disability is expected to continue until 12 months." The ALJ correctly found that this statement was "brief, conclusory, and inadequately supported by clinical findings," which is a permissible basis for rejecting the opinion of any physician. *Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020). Moreover, conclusions by physicians on the ultimate issue of disability "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner." 20 C.F.R. § 404.1527(d).

Second, the ALJ provided specific and legitimate reasons for discounting the findings by two examining licensed psychologists, Dr. Wingate and Dr. Kenderdine, that Cornellier had marked limitations in performing scheduled activities without special supervision, completing a workday without psychological interruptions, and maintaining appropriate behavior in a work setting. The ALJ's explanation for this conclusion, that Cornellier had generally normal mental

3

functioning, and improved with treatment, was supported by substantial evidence in the record, including Clark-Neitzel's longitudinal treatment notes. *See* 20 C.F.R. § 404.1527(c)(2)(i); *Ford*, 950 F.3d at 1154–55. In determining what weight to give medical opinions, the ALJ considers a range of factors, including the treatment relationship, the length of the treatment relationship, and specialization, among others. 20 C.F.R. § 404.1527(c)(2)(i)–(ii). Here, the ALJ could reasonably give more weight to the mental health findings made by Clark-Neitzel, given that she was a treating physician (rather than an examining psychologist), and had a long relationship with Cornellier. § 404.1527(c)(2)(i) (stating that "the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion"). Moreover, Clark-Neitzel was qualified to provide a medical opinion as to Cornellier's mental state. *See Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Although the ALJ did not explicitly address the moderate limitations identified by Wingate and Kenderdine, the ALJ assessed a residual functional capacity (RFC) that reflects those moderate limitations. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010).

The ALJ's decision to give weight to the non-examining physician opinions of Dr. Merrill and Dr. Vestal because they were consistent with the record was

supported by substantial evidence. The ALJ also reasonably accounted for the opinions of Dr. Buskirk and Dr. Stephenson regarding Cornellier's physical and mental impairments, by reflecting those opinions in the RFC. The ALJ gave a germane reason, supported by substantial evidence, to discount the check box opinion of Duane Price, who is not an "acceptable medical source." *See* 20 C.F.R. §§ 404.1502(a), 404.1527(a)(1); *Molina v. Astrue*, 674 F.3d 1104, 1111–12 (9th Cir. 2012). The ALJ explained that Price's opinion had "no accompanying narrative explanation" and was contrary to the objective medical evidence in the record.

The ALJ provided specific, clear, and convincing reasons to reject Cornellier's testimony as to the claimed severity of his symptoms. *Molina*, 674 F.3d at 1112–13. The ALJ rejected Cornellier's claim that he is unable to perform past work or other employment due to his symptoms of anxiety and depression based on Cornellier's normal mental status examinations and adaptive behavior, as well as evidence that Cornellier experienced a good therapeutic response to treatment when he is compliant. *See id.* Further, the ALJ relied on evidence that Cornellier did not seek disability benefits until after he had exhausted his unemployment benefits. *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161–62 (9th Cir. 2008). Given that claimants seeking unemployment benefits in

Washington must aver that they are willing and able to work, Wash. Rev. Code § 50.20.010, the ALJ could reasonably conclude that Cornellier's efforts to obtain unemployment benefits cast doubt on his claims of total disability. Accordingly, the ALJ's reasons are supported by substantial evidence in the record.

The ALJ also gave sufficient reasons to discount the functional limitations caused by Cornellier's claimed physical symptoms. The ALJ determined that there was little evidence that Cornellier received any treatment for his spine, and there was no evidence that his back pain had deteriorated over time. This meant that Cornellier had worked for decades with the same condition without worsening and without any functional limitations. The ALJ also relied on objective medical evidence that Cornellier did not have any significant hearing impairment.

The ALJ erred in disregarding lay and non-acceptable medical source testimony, including the opinions of Dawn Lantz, Kristyn Abbott, and Walter Scott Dilk, without comment, but this error was harmless because the testimony did not describe any limitations beyond those described by Cornellier and other evidence discounted by the ALJ. *See Molina*, 674 F.3d at 1114–17; 20 C.F.R. § 404.1527(f).

The ALJ's determination of Cornellier's limitations was supported by substantial evidence, and the ALJ properly incorporated these limitations into an

6

RFC that accounted for all such functional limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *see also* 20 C.F.R. § 404.1545(a)(3). The ALJ presented an appropriate hypothetical to the vocational expert based on the proper RFC, and appropriately relied on the vocational expert's testimony as to Cornellier's ability to perform past relevant work. *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014). Cornellier fails to carry his burden at step four to demonstrate that he cannot perform past relevant work as actually performed and failed to demonstrate that he stopped work "because of" his impairments. *Cf.* 20 C.F.R. § 404.1574(c); *Pinto v. Massanari*, 249 F.3d 840, 844–45 (9th Cir. 2001) ("The claimant has the burden of proving an inability to return to his former type of work and not just to his former job." (cleaned up)).

**AFFIRMED.**

Cornellier v. Saul, No. 19-35903

GRABER, Circuit Judge, dissenting:

I respectfully dissent.

The ALJ found that Claimant has severe impairments: major depressive disorder, generalized anxiety, and alcohol dependence. The ALJ failed, however, to give appropriate weight to the *examining specialists'* (Drs. Wingate and Kenderdine) opinions, that Claimant has *marked* limitations, in favor of *non-examining non-specialists'* (Drs. Merrill and Vestal) opinions. The former are to be given greater weight. 20 C.F.R. § 404.1527(c). Additionally, the ALJ gave "little weight" to the opinion of treating physician Dr. Clark-Neitzel (a family medicine doctor), even though a treating physician's opinion is to be given greater weight. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014).

The ALJ also relied heavily on several normal mental status examinations and on Claimant's good responses to treatment. But those perfunctory notations regarding Claimant's "appropriate mood and affect" come from Dr. Clark-Neitzel, who is not a mental health specialist, and, regardless, the notes are intermittent and are consistent with the symptoms and limitations that Claimant still experiences. See Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir. 2001) ("That a person who suffers from severe panic attacks, anxiety, and depression makes some improvement does not mean that the person's impairments no longer seriously

affect her ability to function in a workplace."); <u>Garrison</u>, 759 F.3d at 1017 ("Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.").

Because the ALJ weighed the medical evidence improperly, the ALJ also failed to give clear and convincing reasons to discredit Claimant's own testimony.

Finally, the majority opinion concedes that the ALJ erred in failing to acknowledge the lay-witness testimony. The error was not harmless, because the lay witnesses described limitations that were not identical to the limitations Claimant described. Additionally, the lay-witness testimony was consistent with Claimant's testimony. 20 C.F.R. § 404.1529(c)(3).

For all these reasons, I would reverse and remand for a new hearing.