**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSHUA R. L. WOOLERY, | No. 19-35959 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01533-MAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted February 3, 2021[**]
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

Claimant Joshua Woolery appeals the district court's judgment affirming the

Commissioner of Social Security's decision to deny his claim for benefits.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Reviewing for substantial evidence the Administrative Law Judge's ("ALJ") factual findings, Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019), we affirm.

1.  Substantial evidence supports the ALJ's weighing of the medical evidence because one examining psychologist, two nonexamining psychologists, and an employment consultant each opined that Claimant was capable of working. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (holding that nonexamining physicians' opinions may "serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record").  Claimant's argument that several examining psychologists, other nonexamining psychologists, and a treating therapist reached the contrary conclusion does not change the fact that "more than a mere scintilla [of evidence], but less than a preponderance"—that is, substantial evidence, Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)—supports the ALJ's assessment.[1]  The ALJ permissibly discounted Claimant's preferred psychologists' opinions by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating h[er] interpretation thereof, and making findings."  Magallanes v.

---

[1]  Claimant's therapist is not an "acceptable medical source," and the ALJ need only provide germane reasons for discounting the therapist's opinions. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012); see also 20 C.F.R. §§ 416.902(a), 416.927(f).

Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks omitted). As long as substantial evidence supports the ALJ's findings, it is for the ALJ to weigh competing medical evidence. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1098 (9th Cir. 2014).

2. The ALJ provided "specific, clear and convincing reasons," Burrell v. Colvin, 775 F.3d 1133, 1136 (9th Cir. 2014) (internal quotation marks omitted), for concluding that "[C]laimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Plaintiff, for example, argues that he struggled to do basic volunteer work at a food bank while supervised by an employment consultant. The ALJ permissibly noted that (1) the consultant gave Claimant positive reviews and (2) Claimant previously testified that he had no trouble with that work because it was simple. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (holding that an ALJ may use "ordinary techniques of credibility evaluation"). The ALJ also permissibly noted that Claimant received a fair review of his volunteer painting work, despite Claimant's testimony to the contrary. See Burrell, 775 F.3d at 1137 ("Inconsistencies between a claimant's testimony and the claimant's reported activities provide a valid reason for an adverse credibility determination.").

3. The ALJ provided the requisite "germane reasons for discrediting the testimony of lay witnesses." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). The ALJ permissibly noted that (1) the assessment from Claimant's high school was dated; (2) the record contradicted parts of Claimant's father's statements that Claimant lacked social skills, follow-through, and the ability to work independently; and (3) the employment consultant stated recommendations, rather than imperatives.

4. Because substantial evidence supports the ALJ's conclusions regarding evidence from witnesses and Claimant, we see no error in the ALJ's residual functional capacity ("RFC") determination or in the hypothetical posed to the vocational expert. See Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1987) (holding that the ALJ is "free to accept or reject" additional restrictions proposed by a claimant's lawyer so long as the ALJ's final determination is "supported by substantial evidence"). Under our precedents, it matters not that substantial evidence may well support an RFC that includes greater limitations, too. See Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995) ("If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary.").

**AFFIRMED.**

4