NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSICA RAMES,

        Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

        Defendant-Appellee.

No.   21-35009

D.C. No. 3:20-cv-05033-DWC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David W. Christel, Magistrate Judge, Presiding

Submitted November 17, 2021[**]
Pasadena, California

Before: BYBEE and BENNETT, Circuit Judges, and BATAILLON,[***] District
Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Joseph F. Bataillon, United States District Judge for
the District of Nebraska, sitting by designation.

Jessica Rames appeals the district court's judgment affirming the denial of supplemental security income by the Commissioner of the Social Security Administration ("SSA"). We affirm. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's decision and "independently determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence." *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). However, we may not reverse an Administrative Law Judge ("ALJ") if, despite error, "the ALJ's remaining reasoning *and ultimate credibility determination* were adequately supported by substantial evidence in the record." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); *see also Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("Reversal on account of error is not automatic, but requires a determination of prejudice."). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded by regulation on other grounds*.

1.      Rames argues that the ALJ failed to provide clear and convincing reasons for rejecting Rames's symptom and pain testimony. Pursuant to the SSA's five-step process for determining whether a claimant is disabled, ALJs must

determine whether a claimant has severe medical impairments, how limiting any impairments are, and the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520; 416.945. Rames alleged, among other things, that she could not stand for more than fifteen to twenty minutes at a time, that she had been unable to leave her house alone for "almost six years," and that she suffered double vision secondary to migraines. The ALJ found that Rames had several medically determinable impairments including spine degenerative disc disease, pseudotumor cerebri, and post-traumatic stress disorder ("PTSD"). However, the ALJ also found that these physical and mental conditions were not as limiting as Rames alleged, citing, for example, evidence that Rames went camping and fishing, took online GED courses, and conducted various activities of daily life such as cooking simple meals. The ALJ also cited evidence of Rames's failure to take certain prescribed medication and her failure to see a neurologist until 2017 despite multiple referrals.

In discounting Rames's testimony, the ALJ may have made two errors. But we find any such errors were harmless. The ALJ found that Rames "exaggerated her . . . pain symptoms to obtain opiates," citing evidence that Rames's "primary care provider expressed concern about [Rames's] frequent ER visits and drug seeking behavior." Rames argues that this finding was in error because a Social Security Ruling prohibits general credibility findings. SSR 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017). Even if this finding was in error, any error was

3

harmless because the ALJ's discounting of Rames's symptom and pain testimony on other grounds is well-supported by substantial evidence in the record.

Rames also disputed the ALJ's finding that her symptoms were "managed effectively with only conservative treatment, in particular only medications" because her treatments for pseudotumor cerebri included lumbar punctures—a procedure in which "a needle is inserted between two lumbar vertebrae to remove a sample of cerebrospinal fluid." Although Rames's treatments may not have consisted *entirely* of medication, this does not disturb the ALJ's finding, supported by the record, that Rames's treatments consisted mostly of medications and were generally conservative and effective.

Thus, the ALJ's findings regarding Rames's symptom and pain testimony were supported by substantial evidence, and any errors were harmless.

2.      Rames argues that the ALJ erred in discounting source opinions regarding her alleged mental limitations. "[W]hen it is an examining physician's opinion that the ALJ has rejected in reliance on the testimony of a nonexamining advisor, reports of the nonexamining advisor need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (emphasis omitted). As for opinions from other sources such as nurse practitioners and counselors, "[t]he ALJ may discount testimony from these other sources if the

4

ALJ gives reasons germane to each witness for doing so." *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016) (citations and internal quotation marks omitted).

Dr. Terilee Wingate "opined that [Rames] has marked limitations with performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision, and completing a normal workday/workweek without interruptions from psychologically based symptoms." Mental health counselors Kelly Kimbel and Judith Oliver similarly opined that Rames has marked to severe limitations in working with others and maintaining a schedule. The ALJ discounted these opinions because they were inconsistent with Rames's outward mood and affect outside of examinations, Rames's ability to complete various activities of daily living on her own, and Rames's statements about the effectiveness of mental health treatments. These opinions were also contradicted by opinions from non-examining physicians.

The ALJ thus did not err in discounting the opinions of Dr. Wingate and other source opinions regarding Rames's alleged mental limitations.

3. Rames argues that the ALJ erred in discounting source opinions regarding her alleged physical limitations. Nurse practitioner Nancy Armstrong opined that Rames was "severely limited and unable to perform the demands of even sedentary level work." Similarly, nurse practitioner Megan Colburn opined that "work on a regular and continuous basis will cause the claimant's spine condition to

5

deteriorate." The ALJ discounted both opinions, citing among others the fact that Rames was able to ambulate without a cane with a normal gait in multiple encounters with treatment providers, unremarkable results from various imaging studies, Rames's past full-time work as a crab shaker despite her chronic conditions, and the fact that Rames conducted various activities such as camping, fishing, taking GED classes online, and babysitting. The ALJ also cited medical evidence indicating no change in the appearance of Rames's disc protrusion between November 1, 2016 and July 19, 2017.

Therefore, the ALJ did not err in discounting other source opinions regarding Rames's alleged physical limitations.

4. Rames argues that the ALJ erred in finding that she could perform the jobs recommended by the vocational expert ("VE"). The VE first testified that a hypothetical individual with the restrictions propounded by the ALJ could perform two jobs that are in significant numbers in the national economy. However, after Rames's counsel added a visual impairment to the individual described by the ALJ, the VE testified that this individual could not perform the jobs he identified to the ALJ. The ALJ characterized the VE's testimony as indicating that a hypothetical individual with Rames's RFC and other limiting factors could perform two categories of jobs that exist in significant numbers in the national economy.

This finding was not in error because the ALJ need not "accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel . . . 'as long as [the rejections] are supported by substantial evidence.'" *Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989) (quoting *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986)). Rames alleges a visual impairment that is secondary to migraines caused by pseudotumor cerebri. But the ALJ need not accept this restriction if the ALJ's discounting of the alleged severity of Rames's migraines is supported by substantial evidence. Here, the ALJ's discounting of the alleged severity of Rames's migraines and pain was supported by substantial evidence. For example, Rames failed to take certain medication prescribed for her migraines, failed to see a neurologist until 2017 despite multiple referrals, and conducted various activities of daily living on her own.

**AFFIRMED.**