NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 30 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NICHOLE KLINGENBERG,

                    Plaintiff-Appellant,

     v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

                    Defendant-Appellee.

No.    22-35423

D.C. No. 2:20-cv-00282-JAG

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
James A. Goeke, Magistrate Judge, Presiding

Argued and Submitted May 10, 2023
Seattle, Washington

Before:  HAWKINS, W. FLETCHER, and IKUTA, Circuit Judges.

Appellant Nichole Klingenberg ("Klingenberg") appeals the district court's

decision affirming the Commissioner of Social Security's ("Commissioner")

decision denying her social security disability benefits.  She contends the

Administrative Law Judge ("ALJ") erred in rejecting the opinion of doctors who

---

*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

diagnosed her with fibromyalgia and severe mental impairments. We agree in part and remand for further proceedings.

We may set aside the final decision of the ALJ denying a claim for disability benefits when the findings are based on legal error or not supported by substantial evidence. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r*, 740 F.3d 519, 522–23 (9th Cir. 2014) (internal quotation marks and citation omitted).

We conclude the ALJ erred at Step Two by rejecting Dr. Byrd's fibromyalgia diagnosis. In evaluating medical opinions, the ALJ is required to consider multiple factors, including supportability and consistency, as well as the doctor's relationship with claimant and specialization. 20 C.F.R. § 416.920c(c); *see generally Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The ALJ described the record evidence regarding Klingenberg's diagnosis as follows:

> The claimant testified to fibromyalgia-related pain. She describes fibromyalgia as pain in her hip or cramps in her legs. She has flares when she cannot sleep through the night.
> * September 2017 medical records references a "possible" diagnosis of fibromyalgia versus premenstrual dysphoric disorder.
> * On exam in January 2019, the claimant had greater than 11 tender points on exam but no overt evidence of active synovitis. She had normal range of motion with handgrip, wrist, elbow, shoulder, hip, and knee. James Byrd, MD diagnosed polyarthralgia.

2

- In April 2019, Dr. Byrd indicated that her presentation was consistent with fibromyalgia. However, [] she had negative lab workup except for low vitamin D.

The ALJ then summarily concluded:

> It does not appear that the claimant meets the criteria for fibromyalgia set forth in SSR 12-2p. However, even if established fibromyalgia and or polyarthralgia does not meet the 12-month durational requirement.

This explanation is insufficient and conclusory. *See Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). The ALJ does not elaborate why he concluded Klingenberg does not meet the criteria set forth in SSR 12-2p.[1] The few

---

[1]As we explained in *Revels v. Berryhill*:

> The ruling provides two sets of criteria for diagnosing [fibromyalgia], based on the 1990 American College of Rheumatology Criteria for the Classification of Fibromyalgia and the 2010 American College of Rheumatology Preliminary Diagnostic Criteria. Pursuant to the first set of criteria, a person suffers from fibromyalgia if: (1) she has widespread pain that has lasted at least three months (although the pain may "fluctuate in intensity and may not always be present"); (2) she has tenderness in at least eleven of eighteen specified points on her body; and (3) there is evidence that other disorders are not accounting for the pain. Pursuant to the second set of criteria, a person suffers from fibromyalgia if: (1) she has widespread pain that has lasted at least three months (although the pain may "fluctuate in intensity and may not always be present"); (2) she has experienced repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, "especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression,

comments made prior to this conclusion—a lack of active synovitis, normal range of motion on exam, or "negative lab workup"—are not inconsistent with a fibromyalgia diagnosis, whereas the eleven positive tender points, pain flare ups that prevent sleep, and ruling out other disorders through lab work are entirely consistent with fibromyalgia. *See Revels v. Berryhill*, 874 F.3d 648, 656–57 (9th Cir. 2017). Although an ALJ can discount fibromyalgia symptoms due to an inconsistency with a claimant's daily activities, *id.* at 667, here he erred in doing so because "moving as much as 100 pounds on at least one occasion and regularly walking 1-2 miles" were not inconsistent with limitations caused by fibromyalgia. *Id.* at 657 ("SSR 12-2p recognizes that the symptoms of fibromyalgia 'wax and wane,' and that a person may have 'bad days and good days.'" (citation omitted)).

Nor does substantial evidence support the ALJ's conclusion, again without explanation, that "even if established" this diagnosis would not meet the 12-month durational requirement. In April 2019, Dr. Byrd specifically opined that Klingenberg had suffered from fibromyalgia since at least August 2016. "[M]edical reports are inevitably rendered retrospectively and should not be disregarded solely on that basis." *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988).

---

anxiety disorder, or irritable bowel syndrome"; and (3) there is evidence that other disorders are not accounting for the pain.

874 F.3d 648, 656–57 (9th Cir. 2017) (internal citations omitted).

4

Although the Commissioner advances various theories in its brief to support discounting Dr. Byrd's diagnosis, we are constrained to review the reasons actually asserted by the ALJ in its decision. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). As the questions posed to the vocational expert may not have included all of Klingenberg's limitations from this diagnosis, we remand for the ALJ to re-evaluate Klingenberg's residual functional capacity, construing the medical evidence "in light of fibromyalgia's unique symptoms and diagnostic methods, as described in SSR 12-2P." *Revels*, 874 F.3d at 662.

However, substantial evidence supports the ALJ's determination that Klingenberg's mental health issues were not severe impairments. The ALJ gave sufficient reasons for finding the opinion of Dr. Genthe unpersuasive, including that Dr. Genthe examined Klingenberg only one time, did not review any records pertaining to her mental health history, and relied almost exclusively on her self-reporting, which even he noted suggested "an exaggeration of certain problems." *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Dr. Genthe's conclusions were not supported by objective indications and also not consistent with other reports in the record, which suggested her depression was mild and adequately controlled with medication. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

We remand for further proceedings consistent with this disposition.

5

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.**

Each party shall bear their own costs on appeal.